# THE DETROIT STOVE WORKS
## v.
## PETER KOCH ET AL.

*Creditor's Bill—Amendment—Evidence—Attorney's Fees—Sec. 9, Act of 1872.*

1. Upon a creditor's bill containing special interrogatories to a judgment debtor, as to judgments confessed by him, there being no proof of the allegations of the bill upon which relief could be given, and no allegations therein to which matters in evidence which might otherwise be considered could in any manner relate, this court declines to interfere with the decree in behalf of the defendant.

2. Proofs without allegations are as unavailing as allegations without proofs.

[Opinion filed March 13, 1889.]

APPEAL from the Circuit Court of Cook County.

Messrs. J. D. McGUERN and D. BLACKMAN, for appellant.

We claim that, as to the attorney fees, $150, such judgments are fraudulent against us, and that the court should have decreed that the defendants should pay to the receiver such fees. Campbell v. Goddard, 117 Ill. 251 ; Hulse v. Mershon, 25 Ill. App. 292; S. C., 125 Ill. 52.

We claim these three judgments are void, because entered in fact by the debtor, Koch, and because, being taken knowingly and intentionally for too much, and not for a debt *bona fide* due, they are void by the statute of frauds as to creditors who properly assail them. Mount v. Scholes, 120 Ill. 394 ; Rogers v. Palmer, 102 U. S. 268 ; Whiting v. Johnson, 11 Ser. & Rawle, 328; Wilder v. Fonda, 4 Wend. 100 ; Hale v. Chandler, 3 Mich. 531; Edson v. Cummings, 52 Mich. 52.

This point is well stated in Brandt v. Henderson, 3 Philadelphia, 205, per Hare, J.; for an insolvent debtor is a trustee of his property for his creditors. Candee v. Lord, 2 N. Y. 274.

Detroit Stove Works v. Koch.

Messrs. Weigley, Bulkley & Gray, for appellees.

The rule is elementary that in chancery every material fact essential to the complainant's title to maintain the bill and obtain the relief must be stated in the bill, otherwise the defect will be fatal. There can be no relief beyond the specific and material allegations in the bill. Story's Eq. Pl. 257; Burlock v. Cook, 20 Ill. App. 156; Beach v. Shaw, 57 Ill. 17; City of E. St. Louis v. Millard, 14 Ill. App. 483; Helm v. Cantrell, 59 Ill. 524.

In the latter case, Justice McAllister, on page 529, says that "every fact essential to the complainant's title to maintain the bill and to obtain the relief must be stated in the bill, otherwise the defect will be fatal; for no facts are properly in issue unless charged in the bill, and of course no proof can be generally offered of facts not in the bill, nor can relief be granted for matters not charged, although they may be apparent from other parts of the pleadings and evidence, for the court pronounces its decree *secundum allegata et probata*."

Gary, J. This was an ordinary judgment creditor's bill, under Sec. 49 of the chancery act of 1872, filed by appellants, and contained special interrogatories to the appellee, Peter Koch, who is a judgment debtor, as to judgments confessed by him, but the bill contained no allegations with respect to, and made no mention even, except in such interrogatories, of the judgments.

In evidence it does appear that the judgments probably might be avoided, as a shift or artifice under the forms of law, to defeat the operation of the voluntary assignment act by effecting an unequal distribution of his estate among preferred creditors. Preston v. Spaulding, 120 Ill. 208; White v. Cotzhausen, 129 Ill. 329.

Also that the fees of attorneys included in the judgments are as objectionable as in the case of Hulse v. Mershon, 125 Ill. 52.

But no such title to relief is set up in the bill. It does not allege that Koch has made fraudulent conveyances of property to the other defendants in secret trust, etc.

Of the allegations of the bill on which relief could be given there is no proof, and of the matters in evidence which might avail the appellants there are no allegations in the bill. The appellants made no application to amend their bill "so as to fit the case shown by the evidence." Gordon v. Reynolds, 114 Ill. 118.

The principle announced in Morgan v. Smith, 11 Ill. 194, that "a party will not be entitled to relief, although the evidence may establish a clear case in his favor, unless there are averments in the bill to support the case made by the evidence," has been so often since repeated that it would be a vain show to multiply references to cases. "Proofs without allegations are just as unavailing as allegations without proofs." Bremer v. Canal Co., 123 Ill. 104.

The decree of the Circuit Court dismissing the bill is affirmed.

*Decree affirmed.*