MARY E. COALE

v.

THE MOLINE PLOW COMPANY et al.

*Filed at Springfield November 1, 1890.*

1. ALLEGATIONS AND PROOFS—*must correspond.* If a complainant in chancery can recover at all, it must be upon the case made by his bill. He will not be permitted to make one case by his bill and another by his proofs.

2. So where a creditor's bill seeks to set aside a conveyance of land by a husband to his wife on the ground the conveyance was without consideration, and fraudulent as against creditors of the former, the deed can not be held to be fraudulent as being unlawful preferences, in contravention of the Voluntary Assignment act.

3. FRAUDULENT CONVEYANCE—*deed from husband to wife—consideration.* Where a wife has, from time to time, received various small sums of money as her separate property, a portion of which went into her husband's hands, but without any stipulation as to repayment, and no interest was asked or received, and no accounting had in respect thereto until the larger part of it was barred by limitation, the moneys so coming to the husband's hands will not form a sufficient basis to sustain a conveyance by him to the wife, as against the rights of his creditors.

4. SAME—*pursuing the fund into the hands of the grantee.* In case a grantee has received property knowing that the owner was intending thereby to place it beyond the reach of his creditors, a court of equity will follow it into the hands of such grantee, and subject it to payment of the grantor's debts.

5. So where a fraudulent grantee of real estate or other property sells or mortgages the same to a *bona fide* purchaser or mortgagee, such fraudulent grantee will be liable to the creditors of his grantor for the value of the property so received and sold, or for the money received by him under the mortgage; and in the latter case he will be held to account for the money received on the mortgage, without regard to the use made of it, unless its use inured to the benefit of the creditor.

6. CREDITOR'S BILL—*priority to the diligent—who may complain.* The fraudulent grantee of property conveyed in fraud of creditors can not assign for error the giving of priority to the creditors on whose bills the conveyance is set aside.

7. SAME—*preserving rights of third persons—as to lands not involved in the litigation.* Where the creditors, on bill to set aside a fraudulent conveyance, consent to a decree for the sale of a tract of land not in fact included in the fraudulent deed, and which therefore passed to the grantor's assignee, who was not made a party, the decree will be modified so as to make the sale subject to the title acquired by the assignee, as well as to the dower and homestead rights therein of the defendants.

8. EVIDENCE—*declarations of grantor to defeat grant.* On bill by creditors to subject land conveyed by their debtor to his wife to the payment of their judgments, the declarations of the debtor subsequent to his conveyance will not be competent evidence against the wife.

APPEAL from the Circuit Court of McLean county; the Hon. ALFRED SAMPLE, Judge, presiding.

This was a creditor's bill, filed in the McLean circuit court, by the Moline Plow Company, a corporation, against appellant, Mary E. Coale, and her husband, Griffith E. Coale, and Lewis Hormell, to set aside as fraudulent as to creditors a deed executed July 28, 1884, by Griffith E. Coale and Mary E., his wife, to Vincent M. Coale, and a deed from said Vincent M. back to the said Mary E., and to subject the land thereby conveyed, to the satisfaction of a judgment in favor of the plow company, and against the said Griffith E. Coale, obtained in the McLean circuit court. Subsequently, Scott Arnold filed an interpleader, setting up a judgment in his favor, against said Griffith E. Coale, and praying that said deeds be set aside and the lands subjected to the payment of his judgment.

The original bill proceeds upon the basis that the deeds were fraudulent as to creditors, for the reason that they were made without consideration, and to hinder and delay the creditors of Griffith E. Coale, and contained apt averments thereof. Answers were filed to the original bill and bill of interpleader. It was discovered after the filing of such bills, that one of the forty-acre tracts of land attempted to be conveyed by the said deeds was misdescribed. The deeds described the north-east quarter of the south-east quarter of section 31, town 24, north, range 4, east, and the south-west quarter of the *north-east*

quarter of the same section, when it was intended to convey the first mentioned tract and the south-west quarter of the *south-east* quarter of said section, the same being the land then owned by the said Griffith E. Coale.

The answer of defendant Hormell set up that he had loaned to said Mary E. Coale the sum of $1000, and had taken a mortgage upon said land as security, relying upon her title in good faith, and without notice of the facts set up in the bills. · The answers of Mary E. and Griffith E. Coale denied the allegations of fraud, or that the conveyance was intended to hinder or delay creditors, and set up that said Mary E. was a purchaser for value, and without notice of the matters set up in the bill, etc. The consideration paid, and the circumstances of the purchase, are fully averred.

It appears that on the 31st day of July, 1884, three days after the making of said deed, Griffith E. Coale made an assignment to one Myers, for the benefit of creditors, which was duly filed; that said assignee entered upon the duties of the execution of that trust; that at the time of filing the original bill, (October 11, 1887,) dividends to the amount of twenty-three per cent had been paid upon the claims of creditors, including the claims of complainants in each of said bills. Mary E. Coale filed her cross-bill against the said Griffith E., the assignee, Myers, said complainants, and sundry other creditors of the said Griffith E., alleging the mistake in said deeds, and praying that the said Griffith E. and the said assignee be required to convey to her the tract owned by the said Griffith E. and omitted from the said deeds, to-wit., the south-west quarter of the *south-east* quarter of said section 31, which she had purchased, and in lieu of which had been conveyed the south-west quarter of the *north-east* quarter, and for other relief. Griffith E. Coale, and Myers, assignee, defaulted upon the cross-bill. The other defendants answered, denying the *bona fides* of her purchase, and of her right to the relief sought.

The circuit court found the conveyances to be fraudulent, and set them aside, and required that the lands be sold,—the said south-west quarter of the south-east quarter subject, however, to the homestead right of Griffith E. and Mary E. Coale therein, and also subject to the dower of said Mary E. therein, and that the other tract—the north-east quarter of the south-east quarter of said section—be sold, subject to the dower right of the said Mary E. therein, and giving priority in payment to the Moline Plow Company, etc., and finding that the mortgage executed by the said Mary E. to the defendant Hormell was a valid and subsisting lien upon said land, and that said Hormell stood in the position of an innocent purchaser without notice, and required the said Mary E. Coale to pay off and satisfy the same, and in default thereof within the time limited, a personal decree was rendered against her for the amount of such mortgage lien. The decree dismissed her cross-bill as to all of the defendants therein except the said Griffith E. Coale and said Myers, and upon their default, but without prejudice to the rights of the complainant and other creditors of the said Griffith E., ordered them to convey their right and interest in said land to the complainant in the cross-bill,—Mary E. Coale. The latter alone prosecutes this appeal.

Mr. Thomas F. Tipton, for the appellant:

Husband and wife, since the Married Woman's act, as respects the separate property or estate of the wife, stand before the law as strangers. *Patten* v. *Patten,* 75 Ill. 451; *Tomlinson* v. *Matthews,* 98 id. 178; *Patrick* v. *Patrick,* 77 id. 555; *McQuown* v. *Low,* 18 Bradw. 37.

To render even a voluntary conveyance void, even as to prior creditors, it must be affirmatively shown that the grantor was insolvent, or at least deeply indebted. *Gudgel* v. *Kitterman,* 108 Ill. 50; *Patrick* v. *Patrick,* 77 id. 555; *Bridgford* v. *Riddell,* 55 id. 261; *Gridley* v. *Watson,* 53 id. 186; *Tunison* v. *Chamblin,* 88 id. 378; *Faloon* v. *McIntyre,* 118 id. 292.

Such a voluntary conveyance is good against subsequent creditors. *Durand* v. *Weightman*, 108 Ill. 489; *Wooldridge* v. *Gage*, 68 id. 157; *Bridgford* v. *Riddell*, 55 id. 261; *Mixell* v. *Lutz*, 34 id. 382; *Tunison* v. *Chamblin*, 88 id. 378; *Jackson* v. *Miner*, 101 id. 550; *Ward* v. *Enders*, 29 id. 519.

A wife stands the same as any other creditor of her husband, and he may prefer her, if done in good faith. *Whitford* v. *Daggett*, 84 Ill. 144; *VanDorn* v. *Leeper*, 95 id. 35; *Tomlinson* v. *Matthews*, 98 id. 178; *Tyberandt* v. *Raucke*, 96 id. 71; *Rudershausen* v. *Atwood*, 19 Bradw. 61; *Schroeder* v. *Walsh*, 120 Ill. 411; *Hamilton* v. *Hamilton*, 89 id. 349; *Patrick* v. *Patrick*, 77 id. 555; *Blenerhasset* v. *Sherman*, 105 U. S. 116.

Mr. JOHN T. LILLARD, for the appellees:

Transactions between husband and wife, on account of the great facilities their secret and intimate relation affords for the commission of fraud, should be closely scrutinized, to see that they are fair and honest, and not mere contrivances to place the husband's property beyond the reach of his creditors. *Harton* v. *Dewey*, 53 Wis. 410; *Tomlinson* v. *Matthews*, 98 Ill. 187; *Schroeder* v. *Walsh*, 120 id. 411.

The fraud proven sustains our creditor's bill, without reference to the preferential fraud against the assignment statute. There is more than enough evidence to demonstrate a fraud between the husband and wife, to place the bulk of his property in her name to hinder and delay his creditors. *Frank* v. *King*, 121 Ill. 250; *Guffin* v. *Bank*, 74 id. 259; *New* v. *Oldfield*, 110 id. 138; *Post* v. *Steger*, 29 N. J. Eq. 554; Rev. Stat. chap. 59, sec. 4.

The gross inadequacy of the consideration renders the deed fraudulent. *Gordon* v. *Reynolds*, 114 Ill. 118; *Murtha* v. *Curley*, 90 N. Y. 372.

The fraud in evading the Assignment law affects and destroys the consideration of the preferential deed. *Preston* v.

*Spaulding*, 120 Ill. 208; *Oil Co.* v. *Bank*, 126 id. 584; *Bouton* v. *Dement*, 123 id. 142.

The assignee of Coale has no right to impeach or set aside a fraudulent transfer of his assignor, that right belonging to the creditors. *Bouton* v. *Dement*, 123 Ill. 149.

As to the right of complainant to a preference, see *Rappleye* v. *Bank*, 93 Ill. 396; *Lyon* v. *Robbins*, 46 id. 276; *Ballantine* v. *Beale*, 3 S. C. 203.

This appellant can not complain of an error which does her no harm, as she seeks to do here, if there is an error. *Worden* v. *Crist*, 106 Ill. 333; *Insurance Co.* v. *Peck*, 102 id. 265; *Bowman* v. *Railroad Co.* id. 460; *Jefferson* v. *Jefferson*, 96 id. 551; *Downey* v. *O'Donnell*, 92 id. 559.

There should be a personal decree against appellant for the mortgage she placed on the fraudulently conveyed property. *Chamberlin* v. *Jones*, 114 Ind. 458; *Ferguson* v. *Hillman*, 55 Wis. 190; *Murtha* v. *Curley*, 90 N. Y. 372; *Salinsky* v. *Savings Bank*, 85 Tenn. 372.

Mr. Justice Shope delivered the opinion of the Court:

This case is encumbered with many unnecessary and extraneous matters, which must necessarily be eliminated in its consideration. If the complainants in the original bill and the bill of interpleader can recover, it must be upon the case made by their respective bills. A complainant is not permitted to make one case by his bill and another by his proofs.

The original bill is simply a creditor's bill, and seeks to subject the land standing in the name of appellant, to the payment of complainant's debt, upon the ground that the conveyance thereof to appellant was without consideration, and fraudulent as against creditors of her husband. Under the frame of this bill, and its allegations, the deeds can not be held to be fraudulent, as being unlawful preferences, in contravention of the provisions of the Voluntary Assignment act. However, after a careful and thorough consideration of the

evidence, we can not say that the chancellor was not justified in finding that the deeds were executed and delivered for the purpose of hindering and delaying the creditors of Griffith E. Coale, and in decreeing that they be set aside, and the lands subjected to the payment of the judgment rendered in favor of the complainants and other creditors named in the decree.

Coale had formerly lived upon this eighty-acre tract of land, and about 1883 sold off his farm stock and implements, purchased a stock of hardware in Bloomington, and removed there with his family, retaining the land in his own name. It would seem that he partially obtained credit upon the basis of his ownership of it. The business in which he engaged proved disastrous, and in something like eighteen months he had become involved to an amount far in excess of the value of all his assets, his indebtedness aggregating substantially $20,000, a part of which was included in the judgments before mentioned. Finding himself in this condition, and being indebted to his relatives in the sum of about $1600, and also claiming to be indebted to his wife, he conveyed, through his cousin, Vincent M. Coale, one forty of said lands, and attempted to convey the other to his wife, in consideration of such indebtedness to her, and her assumption of the sum so owing to his other relatives.

It is manifest, we think, that if there was any valid indebtedness to the wife of Coale, the amount was very inconsiderable. It is true that Mrs. Coale, at one time or another, received various small sums of money as her separate property, from various sources, some of which went into the hands of her husband. There was, however, no stipulation for its repayment. No interest was asked or received, and no accounting had in respect thereof, until long after most, if not all, of it was barred by the Statute of Limitations, and not until it became convenient to form a basis for this conveyance. No good purpose can be served by an analysis of the evidence. No one who is impartial can read it without being impressed

with the fact that the wife was, in all these transactions, the mere instrument in the hands of her husband to effectuate his purpose, and that his purpose was to save this land and put it beyond the reach of his creditors. That she was the passive instrument of the husband, is further evinced by the management and control of the farm after its conveyance to her, and in respect to the payment of the money owing to the relatives, which she had assumed. She mortgaged the land for $1000, and gave the money into the hands of her husband to re-stock the farm. From that time on until the filing of the original bill,—a period of more than three years,—the husband managed and controlled the business in his own way, without accounting to her, or keeping any account thereof. He testifies that she entrusted the entire control to him, and received no money except such as a wife would receive from a husband for her necessary use. The declarations of Mr. Coale subsequent to the conveyance would not be competent evidence against his wife; yet, for the purpose of showing his intent in making the conveyance, it is abundantly proved, not only by the transaction itself, but by his declarations, that it was to save the land as a home, and keep it from his creditors. In respect of the indebtedness to relatives, which she had assumed, it is not shown that a dollar of it was paid with her individual means, but it is shown that it was paid out of the proceeds arising from the farm.

We can not extend this opinion by a further reference to the evidence. It must suffice that we have carefully examined it, and are of opinion that the case falls directly within the rule announced in *Frank et al.* v. *King et al.* 121 Ill. 250. While the husband, although in failing circumstances, might have preferred his wife to other creditors, if done in good faith and for a valuable consideration, (*Tomlinson* v. *Matthews,* 98 Ill. 178,) the reasoning in the *Frank case* is applicable, and it must be held that good faith and valuable consideration were here both wanting.

The rule is well established, that where a fraudulent grantee has received property knowing that the owner is intending thereby to place it beyond the reach of his creditors, a court of equity will follow the property into the hands of such a grantee, and subject it to the payment of the owner's debt; and, also, that where such fraudulent grantee of real estate or other property sells or mortgages the same to a *bona fide* purchaser or mortgagee, such fraudulent grantee will be liable to the creditors for the value of the property so received and sold, or for the money received by him, under the mortgage. And in the latter case he will be held to account for the money received on the mortgage, without regard to the use made of it, unless its use inured to the benefit of the creditor. (*Mason et al.* v. *Pierron*, 69 Wis. 585; *Chamberlain* v. *Jones*, 114 Ind. 458; *Salinsky* v. *Lincoln Savings Bank*, 85 Tenn. 372.) This case can not be distinguished, in principle, from those cited, and many others to be found in the books. We are not prepared to say, that the fact of Mrs. Coale being apparently the passive instrument in the hands of her husband to effect his fraudulent designs, can, in view of the fact that she claims the property as her own under the fraudulent conveyance, effect a change in the result. If, when apprised of the purposes for which the conveyance had been made, she had voluntarily surrendered the property, there would be at least apparent great injustice in rendering her separate property liable for the money borrowed of Hormell, and which had been taken and expended by the husband. This she does not do, but seeks, by her answer and testimony, to carry into effect the fraudulent purpose and design of her husband, and avows the borrowing of the money and makes it her act, by which, although the money, by her consent, went into the hands of the husband, the estate will be diminished, so far as availability to the creditors is concerned, to the extent of this mortgage, if she be not required to discharge the mortgage lien. We are constrained to hold, that by her act in executing the

mortgage to Hormell, and her subsequent ratification and adoption of it, the chancellor was also justified in rendering the personal decree against her.

It is complained that the court erred in decreeing priority to the complainants in the original bill and bill of interpleader. It is sufficient to say, that no one interested therein is here complaining. It can not affect the appellant, here, whether the proceeds of the land have been decreed to be paid to one creditor or another.

The complainants having consented to the taking of a decree against Griffith E. and Mary E. Coale, for the sale of the forty-acre tract of land, the title of which remained in Griffith E. Coale, and which would necessarily pass, under the deed of assignment, to the assignee, without having made the assignee a party to the original bill or bill of interpleader, will necessarily sell the same, not only subject to the dower and homestead rights mentioned and reserved in the decree, but also subject to the title acquired by the assignee. (*Preston* v. *Spaulding*, 120 Ill. 208; *Davis, Cory & Co.* v. *Chicago Dock Co.* 129 id. 180.) It is unnecessary for us to pass upon the effect of the decree requiring the assignee to convey to Mary E. Coale that forty-acre tract of land. It is true, the question is fairly and properly presented by the record, but no cross-errors are assigned, and Mrs. Coale, the only person assigning error upon this record, makes no complaint of this portion of the decree.

The decree will therefore be modified so as to require the sale of that forty-acre tract to be made subject to the right, title and interest acquired by the assignee, if any, under the deed of assignment, as well as subject to the dower and homestead rights reserved in and by the decree. In all other respects the decree is affirmed.

*Decree modified.*