## JAMES B. CAMPBELL

### v.

## ORVILLE M. POWERS.

*Practice—Fraud.*

1. Interlocutory orders remain subject to further action of the court that made them.

2. The fact that the trial court gave a wrong reason for a correct decision is no ground for reversal.

3. A party asking leave to amend a bill duly sworn to, should present and submit in writing the amendment proposed to be made, supported by an affidavit of its truth and some explanation of the reason why the matter proposed to be added was not originally inserted.

4. Upon a bill filed asking for a half interest in a leasehold, it being alleged that the defendant wrongfully obtained the entire leasehold interest in question when only entitled to one-half thereof by reason of a contract duly entered into, this court declines, it not appearing that complainant was ever ready to do anything on his part to carry said agreement into effect, to interfere with the decree for the defendant.

[Opinion filed November 11, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. MILLER, STARR & LEMAN, for appellant.

Mr. MILLARD R. POWERS, for appellee.

GARY, J. On the 21st day of January, 1890, the appellant filed in the Superior Court a bill in chancery stating, in brief, that about the 1st day of March, 1890, he and the appellee made an agreement with each other that they would buy a leasehold estate jointly, and procure a loan to erect a building; that the lessee agreed to sell it to them for $30,000; that they were about to negotiate a loan; that they did hire an architect and perfected plans for a building; that owing to the sickness of the appellant he "entrusted" the appellee to complete the

purchase; and that the appellee had procured an assignment of the lease to himself alone. Other allegations amount to a statement that the appellee denied to the appellant all right or interest in the property. There is no showing as to what the appellee paid for the lease; no statement that the appellant has ever offered to contribute anything toward the purchase. There is no offer in the bill to do anything.

The appellant asks unconditionally for one-half of the leasehold. No dates are stated in the bill as to when either appellant or appellee did anything under their agreement, and as almost eleven months had elapsed after the making of the agreement, it is quite consistent with the bill that the appellant was never ready to do anything on his part to carry their agreement into effect.

Such a bill made no case for a court of equity to act upon. On the 10th of February, 1890, the court sustained a demurrer to the bill with leave to amend it within five days. There is in the record a fair showing that the appellant's counsel did not know of this action of the court until the 18th day of April, 1890, and on the 22d of that month they asked leave to amend the bill. This motion was continued to the 23d day of June, 1890, and then denied upon the ground that no amendment having been made under the order at the February term, it became final, and the court had no jurisdiction at a subsequent term to grant the leave.

We agree with the appellant that the Superior Court had the jurisdiction. The case was still pending. Knapp v. Marshall, 26 Ill. 63. All interlocutory orders remained subject to further action of the court. Fort Dearborn Lodge v. Klein, 115 Ill. 177.

But no case was presented requiring the exercise of it. The character of the proposed amendment was not shown, nor that, in fact, any truthful amendment could be made. The bill was sworn to by the appellant, and in such a case " the party asking leave to amend should present and submit in writing the amendment proposed to be made, supported by an affidavit of its truth, and some explanation of the reason why the matter proposed to be added was not originally inserted." Jones v. Kennicott, 83 Ill. 484.

That the Superior Court gave a wrong reason for a right decision is no ground for reversal. As the Supreme Court once said of the writer of this opinion, " the process of reasoning by which the trial court may have reached its conclusion is a matter of no consequence." Potter v. Gronbeck, 117 Ill. 404.

There is no error and the decree is affirmed.

*Decree affirmed.*