Barrett v. Short.

---

GEORGE D. BARRETT ET AL.

v.

EDMUND G. SHORT ET AL.

*Mortgages—Bill to Redeem—Pleading—Practice.*

1. In chancery a complainant must have relief, if at all, in accordance with the allegations of his bill.

2. Minor discrepancies, not changing the substance, or where the relief granted is less than claimed, may be overlooked, but not to grant relief greater than the claim, and when allowable, leave to amend should be ob-

tained and acted upon to obviate objections on that score; but a sworn bill on which an injunction issues, is not amendable as of course.

3.  Upon a bill in effect to redeem from certain mortgages, this court holds that the decree entered thereon is wrong in permitting redemption upon more favorable terms than the bill asked for; that a cross-bill filed by persons named should have been dismissed without prejudice, instead of for want of equity; and reverses the decree with directions as to the proper course to pursue.

[Opinion filed June 2, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. WHITEHEAD & PICKARD, for appellants.

Messrs. FREEMAN & WALKER, for appellees.

GARY, J.   This is a bill in chancery, in effect to redeem from mortgages, filed by the appellees in the Superior Court, against the North Western Loan & Building Association, George D. Barrett and others, setting out at great length pecuniary transactions.  The cause after issue joined, was referred to a master, who made a long report, based upon voluminous evidence as to the state of accounts.

On that report, with some exceptions sustained, a decree was entered which it is conceded is wrong as against the building association, by an error in arithmetic.  We find that it is also wrong as against Barrett by an erroneous deduction twice for a sum found in his favor, of $137.  This is clearly shown by the brief for appellants, to which the answer by appellees is, "appellants' calculation amounts to a juggling of figures," which is not convincing.  As to the accounts generally with the association, they are so intricate and irregular that no certainty can be felt as to any result arrived at, but the principle on which the case is to be decided does not require for its application any statement at length of the facts.

The bill filed November 22, 1887, expressly avers that on that day there was due to the association on one account $742.94, and on another $2,756.48, making a total of $3,499.42,

Barrett v. Short.

of which sums a tender on that day is alleged in the bill. The calculations of the master required a decree that the appellees might redeem by paying $3,070.52, but by some mistake $2,282.28 got into the decree as the sum to be paid.

Few principles are as well settled as that in chancery a complainant must have relief, if at all, in accordance with the allegations of his bill. Brandt v. Hutchinson, 40 Ill. App. 576; Detroit Stove Works v. Koch, 30 Ill. App. 328.

Minor discrepancies, not changing the substance, or where the relief granted is less than claimed, may be overlooked: Kidder v. Vandersloot, 114 Ill. 133, and case there cited; but not to grant relief greater than the claim. Fergus v. Tinkham, 38 Ill. 407.

When allowable, leave to amend should be obtained and acted upon, to obviate objections on that score. Gordon v. Reynolds, 114 Ill. 118. But a sworn bill on which, as in this case, an injunction issues, is not amendable as of course. Jones v. Kennicott, 83 Ill. 484; Campbell v. Powers, 37 Ill. App. 308.

The decree is wrong, therefore, in permitting redemption upon more favorable terms than the bill asked it.

Edward J. Whitehead and Charles E. Pickard filed a cross-bill asking relief foreign to this litigation, though perhaps so connected with it as to entitle them to a standing in court. Their bill was dismissed for want of equity. It should have been without prejudice, as they may have an action at law even if they had no lien upon the lands. They are also appellants, with Barrett and the association.

For the errors shown the decree will be reversed with directions to allow Barrett, in stating the account with him, $137 more than was allowed him before; to take as the starting point in stating the account with the association, the sums as stated in the bill as due November 22, 1887, and arrive at a result upon later transactions and calculations of interest, as to both Barrett and the association, on the basis of these modifications; and add to the dismissal of the cross-bill of Whitehead and Pickard that it be without prejudice.

*Reversed and remanded.*