## Munster v. Doyle et al.

1. WAIVER—*Dismissal of Suit.*—Where a case is dismissed for want of prosecution and never formally reinstated, but the parties proceeded in the litigation, taking no notice of the dismissal, the dismissal is thereby waived.

2. VARIANCE—*Pleadings and Proof.*—In a mechanics' lien proceeding, where the petition alleged that the defendants, who were husband and wife, were the owners of the premises and contracted with one Dick for the erection of a building upon it, and that he failed to complete his contract, etc., the proof showed that the husband was not owner nor a party to the contract with Dick. *Held,* the variance fatal.

3. MECHANICS' LIEN—*Compliance with the Statute.*—A petition for a mechanics' lien alleged that the owners of a lot contracted with one Dick for the erection of a building upon it. The contractor Dick was made a defendant, but he did not answer. The decree took no notice of him further than to recite that he appeared in person. The statute requires the decree to be "against the owner and original contractor." Sec. 45, Ch. 82, Liens. *It was held,* that the omission to comply with the statute was fatal to the decree.

4. MECHANICS' LIENS—*Variance Between Petition and Proof.*—Sec. 30 of Ch. 82, entitled "Liens," requires a sub-contractor to serve notice on the "owner or his agent." As the statute distinguishes notice to the owner from notice to the agent, the petition should state the fact as it was. Where the petition avers that notice was served upon two owners and the decree is based upon the finding that it was served upon one

only, and that he was the owner's agent, *it was held,* not to support the petition.

**Memorandum.**—Mechanics' lien. Error to the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed November 27, 1893.

The statement of facts is contained in the opinion of the court.

MOSES, PAM & KENNEDY, attorneys for plaintiff in error.

YOUNG, MAKEEL & BRADLEY, attorneys for defendants in error.

OPINION OF THE COURT, GARY, J.

It is not pleasant to be driven to a reversal of the decree in this case, for reasons which do not touch the real justice of the case.

The defendants filed a petition against the plaintiff and her husband for a mechanic's lien, alleging that the Munsters owned a certain lot, and contracted with one Dick, for the erection of a building upon it. That he failed to complete his contract and that the defendants furnished material for the building to Dick, for which they had not been paid. Upon that petition they obtained a decree against the plaintiff alone. The case was once dismissed for want of prosecution, and never formally reinstated, but the parties proceeded in the litigation, taking no notice of the dismissal. The dismissal was thereby waived. Pratt v. Hunt, 41 Ill. App. 140. The proof shows that the husband was not owner nor party to the contract with Dick. This variance is fatal. Barrett v. Short, 41 Ill. App. 25; Purdy v. Hall, 134 Ill. 298; Cook v. Moline Plow Co., 134 Ill. 350; Prichard v. Littlejohn, 128 Ill. 123.

The contractor, Dick, was a defendant, but did not answer, and the decree takes no notice of him further than to recite that he appeared in person. The statute requires the decree to be "against the owner and original contractor." Sec. 45, Ch. 82, Liens. The Supreme Court has held, appar-

ently, that the omission to comply with that clause of the statute is error.    Culver v. Elwell, 73 Ill. 536.

The statute, Sec. 30, requires a sub-contractor to serve notice on the "owner or his agent." As the statute distinguishes notice to the owner from notice to the agent, the petition should state the fact as it was. The petition here avers notice served upon Julia and Morris Munster. The decree is based upon the finding that it was served upon him only, and that he was her agent. The question of the truth of that finding will not now be considered, but if true, it does not support the petition.

As the case must go back for the defendants to amend their petition, if they desire to do so, we refrain from any discussion of the real merits. Should the case be again tried, it may present a different aspect.

The decree is reversed and the cause remanded.