## James W. Rush, Impleaded, etc., v. Axel Johnson.

1. TRIALS—*Absence of a Party as Ground for a New Trial.*—That the member of a law firm who took charge of a case upon the dissolution of the firm did not know that a certain party was a defendant in the case, and that in consequence such party received no notice of, and was not present at the trial of his case, are not sufficient reasons for setting aside the verdict and judgment.

2. JURISDICTION—*Presumptions in favor of.*—The law will presume that an order entered by a trial court overruling a motion to set aside a judgment was within its jurisdiction and was properly entered at the time it was entered, unless the contrary is shown.

3. SAME—*Waiver of Objections to, by Contesting on the Merits.*—A party who appears and argues a motion will not be permitted afterward to claim that the court had no right to rule upon the motion thus argued, but will be held to have thereby waived any objection he might otherwise have had the right to make, to the decision of the motion at the then term of court, notwithstanding an order previously entered, continuing the motion to the next term.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1897. Affirmed. Opinion filed April 8, 1898.

McGLASSON & BEITLER, attorneys for appellant.

" The continuance of a case precludes any further order therein until the order for continuance has expired." 4 Ency. Pl. and Pr. 892.

" An order of continuance has the effect to postpone further action in the case by the court until the next term of court to which the same has been continued. No further order can properly be taken in the case, except, possibly, to set the order of continuance aside, until the order of continuance has expired." Ex parte So. etc., R. R. Co., 44 Ala. 655.

" If it be continued by consent to the next term, the case is passed to the next regular term, and judgment rendered after trial at the adjourned term, will be reversed on error." Sawyer v. Bryson, 10 Kan. 199.

" During the term of court at which a continuance has been granted, the court has undoubted power to vacate a

Rush v. Johnson.

continuance and require the parties to go to trial." 4 Ency. Pl. and Pr. 891.

This rule has been modified by our Supreme Court, to the effect that reasonable notice must be given to the party interested. McKee v. Ludwick, 30 Ill. 28.

Richolson, Matson & Drake, attorneys for appellee.

The legal presumption is that the court had jurisdiction of the parties and of the motion, or it would not have entered the order. All the intendments are in favor of the jurisdiction of a court of general jurisdiction. The presumption is in favor of the correctness of the proceeding. The court has power to pass on its own jurisdiction of a motion and to exercise it without setting forth in its proceedings the facts upon which it determined that jurisdiction. Anderson v. Gray, 134 Ill. 550.

"While the presumption as to the jurisdiction may be rebutted, yet it rests with the party seeking to impeach the judgment of the court to show affirmatively any imputed irregularity or acts of omission which affect the validity of the judgment especially after jurisdiction of the person is once shown." 12 Am. & E. Enc. Law, 273 (note 3).

"Where a decree by its recital shows jurisdiction, the burden of proof rests upon the party denying jurisdiction, who must produce the best evidence in his power." Kilgour v. Gockley, 83 Ill. 114.

"Where a case is dismissed for want of prosecution, and never formally reinstated, both parties proceeding in the litigation, taking no notice of the dismissal, the dismissal is thereby waived." Munster v. Doyle, 50 Ill. App. 672.

"Where both parties on the contest of a will, by bill in chancery, give in evidence the statements and conversations of the decedent made by and with him long before the making of the alleged will, neither party will be heard to insist that such statements and conversations were not competent evidence." Moyer v. Swygart, 125 Ill. 262.

"A party can not complain of an error which he himself induced the court to make, or has consented to." Smith v. Kimball, 128 Ill. 583.

"A party is not allowed to take advantage of his own errors and omissions." Furness v. Williams, 11 Ill. 230.

"Where a bill is filed during a term of court, and process is made returnable to the next term, the defendant may waive his right to have the case postponed to the next term, and go to a hearing at the term during which the suit is brought. If he appears at such term, and then files his answer, and produces his evidence before the master, and proceeds to a hearing without objection, he will waive his right to postpone the hearing to the return term, and the court will have jurisdiction to enter a decree on the hearing." Anderson v. Moore, 145 Ill. 61.

"Appearance without objection is a waiver of all defects of jurisdiction." Commissioners v. Griffin, 134 Ill. 337.

"An erroneous instruction can not be complained of by the party at whose request it was given." Underwood v. Wolf, 31 Ill. App. 637.

Defects which do not go to the jurisdiction of the court over the subject-matter may be waived. Vogel v. People, 37 Ill. App. 388.

Defendant can not complain of an error in no wise prejudicing him. Merrimac P. Co. v. Illinois T. & S. Bank, 129 Ill. 296; Willard v. Swanson, 22 Ill. App. 424; Golder v. Mueller, 22 Ill. App. 527; Moore v. Williams, 132 Ill. 589; Duggan v. Smyser, 46 Ill. App. 39.

"Nothing will be intended to be out of the jurisdiction of a Superior Court. Such courts will be presumed to be acting within their jurisdiction until the contrary is made to appear. If it was possible for the court to have had jurisdiction, it will be presumed that the state of facts existed which authorized it to render the judgment it did render." Wallace v. Cox, 71 Ill. 548; see also City of Abingdon v. Meadows, 28 Ill. App. 442; Firebaugh v. Town of Blount, 52 Ill. App. 288; Riely v. Barton, 32 Ill. App. 524; Johnson v. People, 113 Ill. 99; Law v. Grommes et al., 55 Ill. App. 312; Austin v. Austin, 43 Ill. App. 488; Mulford v. Stalzenback, 46 Ill. 303.

"The rule is that if a court has jurisdiction of the parties

and the subject-matter of a controversy, if the party against whom judgment is rendered has had actual or constructive notice of the pendency of the suit, no error can render the judgment void." St. Louis & S. C. & M. Co. v. Sandoval, C. & M. Co., 111 Ill. 32; Benefield v. Albert, 132 Ill. 665; Chicago, P. & St. L. Ry. Co. v. Aldrich, 134 Ill. 9; Bishop v. Morris, 22 Ill. App. 564.

"Where a party appears and submits himself to the jurisdiction of the court, it is of no importance whether the summons was void or not, or whether, in fact, there was any process at all." Yaeger v. City of Henry, 39 Ill. App. 21; Schmidt v. Braley, 112 Ill. 48.

On this question of the court having undoubted jurisdiction to decide this motion at the January term upon appearance of defendant by his counsel, notwithstanding order for continuance is entered, there is a long list of Illinois authorities in favor of our contention in cases where a change of venue was improperly refused and yet defendant went to trial. We will quote only one as illustrative of the others—Langford v. People, 134 Ill. 444.

In order to entitle a party to have a verdict set aside and a new trial awarded where the trial was had in his absence, but on the regular call, he must show that he has exercised proper diligence to avoid the result, and it must also affirmatively appear that injustice has been done. Singer Mfg. Co. v. May, 86 Ill. 398.

"A new trial will not be granted because a trial was had in the absence of defendant or his counsel when such absence is attributable to his own negligence." Miller v. McGraw, 20 Ill. App. 203.

"Where a case is tried in its regular order on the docket in the absence of defendant and his attorney, the court has no power to relieve the defendant if guilty of negligence by himself or his attorneys." Treutler v. Halligan, 86 Ill. 39.

We respectfully submit that the action of the court in denying the motion to set aside the judgment herein in effect set aside the order of continuance theretofore entered.

" Where a record entry is that the court overrules the motion for a new trial, and the motion entered was to set aside the verdict and grant a new trial, held, this disposed of the whole motion."

" The rendition of judgment disposes of all such motions." Deere v. Lewis, 51 Ill. 254; see also Parr v. Van Horne, 40 Ill. 122.

### STATEMENT.

This is an action in assumpsit brought by appellee against the appellant and one Lizzie H. Mereness.

October 22, 1895, a joint plea of general issue was filed by both of the defendants below.

January 15, 1897, the cause was reached for trial upon the regular call of the trial calendar, tried by a jury, and final judgment entered upon a verdict for $503 and costs. No motion in writing to set aside said judgment was ever filed, but an order entered by the court January 27, 1897, states that " the defendant to this suit " entered a motion to set aside said judgment, which motion was by the same order " continued for hearing and final disposition until February term next ensuing."

January 30, 1897, an order was entered wherein it is stated that said motion was " overruled and denied."

March 6, 1897, it was ordered that the motion of defendant Rush to set aside and vacate the judgment theretofore entered be continued one week, and that such order be entered " nunc pro tunc as of February 27, 1897."

March 13, 1897, motion to vacate said judgment was overruled.

The record does not in terms state whether appellant appeared in court either in person or by attorney January 30, 1897, when the motion was overruled, unless it be understood from the record entry by the court, that he was present by counsel, that entry being as follows :

" This case coming on to be heard upon motion of the defendant, James W. Rush, heretofore entered herein, to set aside the judgment entered of record January 15, A. D.

1897, after argument of counsel and due deliberation by the court, said motion is overruled and denied."

An affidavit by the then attorney for appellant was filed, but he does not state whether or not he was present in court participating in the argument January 30, 1897.

The firm of attorneys who filed the plea for appellant October 22, 1895, had dissolved prior to the trial of the case in January, 1897, and the member of that firm who took charge of this case makes affidavit that he did not know that appellant was a defendant in the case.

Affidavits filed by and on behalf of appellant tend to show a *prima facie* defense.

MR. JUSTICE HORTON, AFTER MAKING THE ABOVE STATEMENT, DELIVERED THE OPINION OF THE COURT.

There is no showing of proper diligence on the part of appellant. The case had been at issue more than a year, and was reached for trial in due course upon the call of the trial calendar. The fact that the member of the law firm who took charge of this case upon the dissolution of his firm did not know that appellant was a defendant in the case, and therefore was not present at the trial, shows no sufficient reason for setting aside the verdict and judgment.

If appellant was not represented at the argument of motion, January 30, 1897, to set aside judgment, that could have been very easily shown by his then attorney, whose affidavit was subsequently filed. The law presumes that the order by the Superior Court entered January 30, 1897, overruling the motion to set aside the judgment, was within its jurisdiction and was properly entered at the time it was entered, unless the contrary is shown. The duty of showing it, if relied upon, is upon appellant. He has not shown it. It will therefore be assumed that he was represented in court January 30th, when the motion to set aside the judgment was argued.

A party who appears and argues a motion will not be permitted afterward to claim that the court had no right to rule upon the motion thus argued. When the appellant

appeared at the January term and argued the motion to vacate the judgment, as we must assume he did, he waived any objection he might otherwise have had to the decision of that motion at that term of the court, notwithstanding the order previously entered continuing the motion to the February term.    Anderson v. Moore, 145 Ill. 61; Munster v. Doyle, 50 Ill. App. 672.

The judgment of the Superior Court is affirmed.