CHARLES J. HAWLEY *et al.*

*v.*

FRANK O. HAWLEY.

*Opinion filed October 19, 1900.*

1. EVIDENCE—*what sufficient to permit secondary proof of contents of deed.* Secondary evidence of the contents of an unrecorded deed may be received upon proof that the deed was executed and delivered to the grantee, who subsequently handed it, with other papers, to the grantor to keep in his safe, and that after the latter's death the deed could not be found though diligent search was made among the papers of the deceased.

2. APPEALS AND ERRORS—*when denial of motion to amend and make proof is harmless.* Denial of a motion to amend the answer and make additional proof is harmless, where the defense sought to be set up by the motion is available under the issues already made.

3. SAME—*findings of decree must be within the allegations.* A decree in a proceeding to establish title must be reversed as to a finding that one of the deeds executed by complainant was intended as a mortgage, where there is no allegation in the bill or answer of the existence of any indebtedness, nor any claim made that any conveyance between the parties was intended as a mortgage.

APPEAL from the Circuit Court of Kendall county; the Hon. GEORGE W. Brown, Judge, presiding.

This is a bill in chancery by Frank O. Hawley, one of the heirs of Paul G. Hawley, deceased, against Christine J. Hawley, the widow, and Charles J. Hawley and others, the other heirs, seeking to establish title in complainant to a farm of two hundred and sixteen acres, known as the "Morgan farm," and also a tract of about eight acres, known as the "Judson homestead," in Kendall county, under and by virtue of two alleged lost and unrecorded deeds. The bill, as amended, sets forth that on March 13, 1891, Paul G. Hawley was the owner in fee simple of these two tracts of land; that on that day he, being joined by his wife, Emily M. Hawley, by deeds made, executed and delivered, conveyed the said lands to complainant; that on February 10, 1898, Paul G. Hawley died; that

since the date of the conveyance complainant has been in possession of the lands; that the said deeds were delivered to complainant but were never recorded, and have since become lost or destroyed and cannot be found, diligent search having been made for them; that the widow and heirs refuse to execute a deed to complainant for said lands; that complainant is owner in fee of certain other lots, and that defendants are seeking to disturb his title, and claim some right therein. The prayer is that the lost deeds may be decreed to be a good and valid title to the property, and that the other heirs may be decreed to execute to complainant a new deed, and in default thereof that the master in chancery make such conveyance.

The several defendant heirs and Christine J. Hawley (who was the wife of deceased at the time of his death, he having previously obtained a divorce from his former wife, Emily M. Hawley, and re-married,) filed answers, admitting that the deceased was the owner of the lands on the 13th day of March, 1891, but denying that he made the alleged deeds to complainant, and denying his possession of the property, and alleging that such deeds never existed. The widow, Christine J. Hawley, claimed dower in the lands.

Upon the issues thus made the cause was tried before Judge George W. Brown, in Kane county, in September, 1899, upon evidence introduced in open court. On November 8, following, a decree was entered finding that on said March 13, 1891, Paul G. Hawley received from complainant the title to the Judson homestead and the Morgan farm; that on said date Paul G. Hawley made and delivered to complainant the two deeds, as alleged in the bill, re-conveying to him the two tracts of land; that Paul G. Hawley, at the time of his death, had no right, title or interest in the said real estate other than as mortgagee of a portion thereof (the Morgan farm) to the extent of $1100, and interest from March 13, 1891, and that no dower interest accrued to the widow or right

descended to the other defendants, as the heirs of the deceased; that on and before said March 13, 1891, Frank O. Hawley was the owner in fee of the Morgan farm, and on that day he and his wife conveyed the same to Paul G. Hawley as security for a loan of $1100; that the deeds afterwards made by Paul G. Hawley to complainant conveying back these premises, have been lost or destroyed; and it is adjudged the complainant is the owner in fee simple of the Judson homestead tract, the Morgan tract and the lots in question, and it is ordered that upon the payment by complainant to the administrator of the estate of Paul G. Hawley, deceased, of the sum of $1100, with interest from March 13, 1891, the widow and heirs of deceased make to complainant a quit-claim deed conveying the Morgan tract, and in default of their doing so that the master make such deed; and it is further ordered that the widow and heirs be perpetually enjoined from setting up any claim in or to any portion of said lands. To reverse that decree defendants below prosecute this appeal, and the complainant assigns cross-errors on the record.

It is contended by appellants that the chancellor erred in finding, from the evidence, that deeds had been made and delivered to appellee conveying the two tracts of land in controversy; that the finding is not in accord with the allegations of the bill, in that it is found that the deed from complainant to Paul G. Hawley conveying the Morgan tract was in fact a mortgage and made to secure the payment of the sum of $1100; that the court erred in refusing to allow defendants to amend their answers so as to set up color of title and seven years' payment of taxes and possession, and to put in additional proof to sustain these allegations; that the court erred in denying appellants' motion to exclude all the evidence relative to the contents of the lost deed for want of sufficient ground being first laid, and that the decree was against the evidence.

187—23

CHARLES WHEATON, HANCHETT & SCOTT, and JOHN
M. RAYMOND, for appellants.

S. N. HOOVER, (R. G. MONTONY, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The chief question in the cause is whether or not Paul
G. Hawley, on March 13, 1891, executed and delivered to
appellee, Frank O. Hawley, the two deeds, as alleged in
his bill.    The evidence contained in the record is un-
usually and unnecessarily voluminous, and cannot be re-
viewed within the reasonable scope of an opinion, and if
it could, no good purpose would be served by doing so.
The facts, so far as they bear upon the issues in the
cause, are few, and the law applicable thereto is not dif-
ficult of ascertainment.

Whether or not it was proven on the hearing that the
two deeds re-conveying the lands to appellee were actu-
ally made and delivered, depends upon the credit to be
given the testimony of complainant's witnesses.    The
notary who took the acknowledgments of the deeds tes-
tifies positively that he acknowledged two deeds from
appellee to Paul G. Hawley,—one conveying the Morgan
farm and the other the Judson homestead,—and shortly
after, on the same day, two deeds by Paul G. Hawley and
wife conveying the same tracts back to Frank O. Hawley,
and that he saw the four deeds delivered to the grantees;
also, that in 1897 he saw the deeds from Paul G. Hawley
to appellee again, in the latter's possession.    Soon after
the time the deeds were made, W. H. Hopkins says he
saw them in appellee's possession.    J. Ivor Montgomery,
a surveyor, testifies that he examined these deeds and
identified the descriptions; had them in his possession
and saw them last in 1897.    These witnesses are uncon-
tradicted.    The only attempt on the part of the defend-
ants to show that no such deeds were in existence or ever

delivered was by introducing witnesses to show that the reputations for truth and veracity of those introduced by the complainant were bad.   The chancellor having seen and heard the witnesses testify, (except Mr. Montgomery, whose deposition was read upon the trial,) and also having heard the witnesses offered to impeach them, as well as the many introduced by complainant to sustain their reputations, could best judge of the truthfulness of those relied upon by complainant to establish his case.   The rule is too well settled to require the citation of cases, that under such circumstances a court of review will only disturb the findings and decree of the chancellor when all the facts and circumstances proved wholly fail to sustain such finding and decree.   That rule is applicable here, and, applied to the case, must result in affirmance of the finding of the chancellor on this question of fact.

The contention by appellants that the court erred in denying their motion to exclude all the evidence relative to the contents of the alleged deeds from Paul G. Hawley to appellee for the want of sufficient foundation being laid for such proof by first showing their loss or destruction, is without merit.   Unless the undisputed evidence on that subject be rejected as untruthful, (and no sufficient grounds for doing so are shown,) it establishes the fact that the deeds in question were given by complainant, with other papers in a package, to the deceased, Paul G. Hawley, at his office for safe keeping, shortly before his death, and there left, with other papers of appellee.   It appears inquiry was made at the recorder's office, but it would seem such inquiry was merely formal, as the positive testimony is that the instruments were placed in the hands of the deceased in the fall of 1897. A diligent search is shown to have been made among the papers at the office of deceased and in the safe where he kept such papers, but the deeds were not found.   There was no evidence tending to prove that they were, at any time after being left there, removed from the office of the

deceased. We are satisfied sufficient proof of loss or destruction of the two deeds in question was made, in order to warrant the introduction of secondary evidence to prove their contents. The reason for placing the instruments in the hands of his father was, that he at that time had no safe and his father had.

After the hearing of this cause a motion was made to amend the answers of defendants, setting up seven years' possession of the property in controversy in Paul G. Hawley under claim and color of title and payment of taxes, and to put in additional proof to sustain those allegations. The motion was properly denied. It having been shown that the title was in appellee by two deeds executed and delivered, although not placed upon record, the defense of color of title, etc., in Paul G. Hawley, if set up, must have failed. Moreover, the claim by complainant that the deceased had conveyed these two tracts of land to him, and denied by the defendants, presented the question as to whether Paul G. Hawley had title to the lands or not at the time of his decease. The denial of the motion therefore deprived the defendants of no right, the defense sought to be set up by the motion being available under the issues actually made.

The contention of appellants that the finding of the decree is not in conformity with the allegations of the bill is urged by both parties, and raised by appellee by assigning a cross-error, by which the correctness of the decree below is questioned in so far as it holds the deed to the Morgan farm a mortgage given to secure the payment of $1100, and requires him to pay to the estate of his father that sum, with interest from March 13, 1891, as a condition precedent to his receiving a deed from the widow and heirs of Paul G. Hawley, deceased. This cross-error, we think, must be sustained upon either one of the two following grounds:

First, there was no issue of that kind before the court, upon the pleadings. No mention of an indebtedness

from Frank O. Hawley to his father is mentioned or alluded to, either in the bill or answers. Neither is there any claim made by the defendants, or by the bill itself, that any conveyance between the parties was intended to be a mortgage. It will not be necessary to do more in this connection than to refer to the oft repeated rule in chancery practice, that the *allegata et probata* must correspond. Therefore, even if it could be said that the proof as to the indebtedness and intended mortgage sustains the decree of the court below, that decree would have to be reversed for want of a sufficient allegation upon which to base it.

But secondly, all parties agree, as they must under the plain provisions of the statute, that Frank O. Hawley, in this suit against parties defending as the heirs of a deceased person, was incompetent as a witness, and that the court below properly excluded his testimony from the record. That being done, there remained no proof whatever of any fact upon which the idea of an indebtedness from him to his father, or a mortgage to secure the same, could be predicated. It seems to be contended on behalf of appellee that while his testimony was incompetent to establish any fact in his favor, in so far as he testified against himself his evidence should be considered competent. On this theory it is claimed his evidence of an indebtedness from himself to his father ought to be received as establishing that fact. It is to be observed, however, that in the very same connection,— in fact, as a part of the statement that he became indebted to his father,—he states that that indebtedness was paid off and satisfied. Conceding that his testimony against his interest, although testifying in his own behalf, might be competent to prove an existing indebtedness in favor of his father against himself, we do not think it can be seriously contended that his single statement in regard to the creation of the debt can be separated from the rest of his testimony so as to bind him by

that which is against his interest and at the same time deprive him of that part of the connected statement which shows the payment of the indebtedness. In other words, the defendants cannot be permitted, under their general objection to his competency,—thereby procuring from the court an order excluding his testimony,—to turn about and insist that so much of his evidence as is favorable to their case shall be received. In the condition of this record we consider the testimony of Frank O. Hawley as entirely outside of it. But if it were otherwise, the defendants below could derive no affirmative relief, such as is given them by the decree upon that evidence.

For the error indicated the decree of the circuit court must be reversed, and the cause will be remanded to that court with directions to proceed in conformity with the views herein expressed.            *Reversed and remanded.*