### Isaac N. Rice, Defendant in Error, v. Thomas E. Dougherty et al., Plaintiffs in Error.

### Gen. No. 15,679.

1. CHANCERY—*when relief should not be granted.* Relief not prayed for as against a person not joined as a party should not be granted.

2. DECREES—*effect of uncertainty.* If a decree is indefinite and uncertain it is erroneous even though not void and will be reversed.

3. ACCOUNTING—*when should not be awarded.* If the status of the case is such that the master cannot tell between whom and upon

what basis to state an account, reference for the statement of an account should not be awarded.

Bill in chancery. Error to the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded with directions. Opinion filed October 20, 1911. *Certiorari* denied by Supreme Court (making opinion final).

W. S. OPPENHEIM, for plaintiffs in error.

LOWES & RICHARDS, for defendant in error; WALTER OLDS, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

On January 22, 1900, the defendant in error, as complainant, filed a bill of complaint against the plaintiffs in error, Dougherty and Schaeffer Piano Manufacturing Company, as defendants. Thereafter answers were filed by the defendants, and on November 21, 1900, the case was referred to Edward A. Dicker, Esq., a master in chancery, "to take and report the evidence, together with his opinion thereon as to whether the complainant is entitled to an interlocutory decree directing an accounting herein." On May 23, 1905, the report of the master was filed, recommending that the bill be dismissed for want of equity. An order was entered that the objections of complainant filed before the master stand as exceptions, and on July 13, 1906, a decree was entered by Judge Heard, acting as chancellor, sustaining the exceptions and finding that the complainant "is entitled to an interlocutory decree directing an accounting herein," and referring the case to Roswell B. Mason, Esq., a master in chancery, "to take and state an account herein, allowing the defendant Thomas E. Dougherty interest on the money invested by him at the legal rate and a salary of two hundred dollars per month and allowing the complainant a salary of two hundred dollars per month and half of the net profits." On October 3, 1907, a rehearing was granted by Judge Carpenter, sitting as chan-

cellor, and upon such rehearing the exceptions to the master's report were overruled and a decree entered dismissing the bill for want of equity. An appeal was taken from the decree of Judge Carpenter to this court, and it was reversed in this court, solely upon the ground that Judge Carpenter was without jurisdiction because the decree entered by Judge Heard was final and had been entered at a term of court prior to the term at which the motion for rehearing was granted and the decree entered by Judge Carpenter. The opinion of this court may be found in 148 Ill. App. 368. Thereafter Dougherty and the Piano Manufacturing Company sued out a writ of error from the decree of Judge Heard, and it is the questions brought to our attention by this writ of error alone that we are called upon to decide.

There is some discussion in the briefs as to whether or not certain questions of law were settled by the former appeal. In the opinion filed at that time the following language is used:

"But as we are obliged to reverse and remand this cause, without consideration of the merits, we have refrained from an examination into these merits and we have no opinion thereon."

It is quite clear, therefore, that none of the questions presented by this writ of error were disposed of on the former appeal. However, in the statement preceding the opinion a synopsis of the bill of complaint is set forth. (148 Ill. App. 369.) It is therefore unnecessary for us to recapitulate its allegations. It is sufficient to say that it charges a partnership between Dougherty and Rice.

The conclusion reached by the master to whom the case was referred, was as follows:

"Taking, therefore, into consideration all the facts and circumstances surrounding the parties at the time, their subsequent course of conduct, as well as the testimony of the parties, I am of the opinion that the only arrangement at the time the property was purchased

by Dougherty was the arrangement, as testified to by Dougherty, that is, that Rice should be employed with a salary of $200 per month as sales agent and should receive, in addition, one-half of the net profits for the first year if there were any.

"I find further that the complainant has failed to sustain the allegations of his bill of complaint, and that the bill should be dismissed for want of equity."

In the bill of complaint the complainant states that he and Dougherty entered into the business of manufacturing and selling pianos on or about January 1, 1898; that they conducted such business until January 1, 1899, and arranged for continuing the business during 1899. We are unable to find in the record any evidence that Rice and Dougherty "entered into the business of manufacturing and selling pianos." On the other hand, it appears undisputed that Dougherty after buying the property at once turned it over to the corporation which was formed by him and which is now one of the plaintiffs in error herein.

After praying for process and that the defendants may be required to answer, the bill prays that the defendants "fully set forth a true and just account of all *his* actings and doings in respect to said copartnership business from the date of the formation of the same, and of all property purchased and on hand or sold or disposed of by said copartnership   *   *   *   and that an account may be taken under the direction of this honorable court, of all and every the said copartnership dealings and transactions, and that the same may be fully adjusted, and the respective rights of your orator and the *defendant* ascertained; and that the *defendant* may be decreed to pay to your orator what, if anything, shall appear upon such account to be due from *him*," etc.

The bill prays for a receiver of the partnership property; also prays for an injunction restraining the defendants and their agents or attorneys "from collecting or receiving any of the debts due and owing

to the said firm, and from using and applying any of the copartnership funds to *his* own use until the further order of the said court.'' It will be noticed that no relief is asked against the corporation defendant except possibly an injunction.

None of the stockholders of the corporation save Dougherty are made parties to the suit. It is true that the bill in effect charges that the Piano Manufacturing Company is dominated and controlled by Dougherty, but it does not ask that any of the shares of stock be declared to be the property of the complainant. Nor does it ask that a receiver of the Piano Manufacturing Company be appointed, nor that the transfer of the property to the Company be set aside. There would seem to be abundant reason, therefore, for reversing the decree so far as the Piano Manufacturing Company is concerned.

The master found, as heretofore stated, that the only arrangement between Dougherty and Rice was that Rice should be employed at a salary of $200 per month as sales agent, and should receive in addition one-half of the net profits of the first year if there were any. This arrangement in itself does not constitute a partnership, and proof of it does not sustain the allegations of the bill.

The decree entered sustains in terms all the exceptions to the report of the master. It had previously been ordered that the objections to the master's report stand as exceptions thereto. These so-called objections consist of seventeen typewritten sheets in the record, but they are more in the nature of an argument for the complainant's contention on the merits of his case than objections. The decree makes no finding except that the complainant ''is entitled to an interlocutory decree directing an accounting herein,'' and the case is by the decree then referred to a master in chancery to make an accounting. The decree does not direct whether the accounting shall be merely between

Rice and Dougherty or between Rice and both of the defendants.

In the bill of complaint three agreements are alleged to have been made between Rice and Dougherty. Under one of these agreements Dougherty was to furnish certain money, taking the title to the property in his own name as security for advances, and the profits were to be equally divided between Rice and Dougherty.

By the second agreement, as alleged in the bill, Dougherty was to organize a new corporation, turn the property over to it, issue preferred stock for the money advanced by him, and to divide with Rice the common stock to be issued.

By the third agreement, as alleged in the bill, it was provided that Dougherty should take the bonds of the corporation for $35,000 for the money advanced and to be advanced by him, and was to divide the stock of the corporation equally with Rice.

It is difficult to see how a master in chancery could, on a reference, state an account and base it upon the allegations of the bill. He would be unable to determine between whom the account was to be stated, or upon what basis the accounting should be made. He was directed by the decree to "take and state an account herein, allowing the defendant, Thomas E. Dougherty, interest on the money invested by him, at the legal rate, and a salary of $200 per month, and allowing the complainant a salary of $200 per month and half of the net profits." It is not stated in the decree what period of time the accounting is to cover. The evidence discloses the fact that the salaries of Dougherty and Rice had been paid by the defendant corporation, but the decree does not inform the master how these payments are to be treated in the accounting, if it be assumed that the account is to be stated as between the complainant and both defendants, nor upon which one of the three agreements referred to in the bill the accounting shall be based.

In our opinion, therefore, the decree is erroneous, if not void, because of its uncertainty and indefiniteness. We think, also, the decree is improper because the testimony did not sustain the allegations of the bill. Complainants are not permitted to state a case one way in their bill and make another and different showing by their testimony. The *allegata* and *probata* must correspond. Purdy v. Hall et al., 134 Ill. 298; Coale v. Moline Plow Co. et al., 134 Ill. 350; Hawley v. Hawley, 187 Ill. 351.

The case was pending before the master in chancery for about five years, and he found, as heretofore stated, that the allegations of the bill of complaint were not sustained by the proofs. We agree with him in that finding, and the decree will therefore be reversed and the cause remanded, with directions to the Circuit Court to enter an order dismissing the bill.

*Reversed and remanded with directions.*