# JOHN CULVER, impleaded, etc.

*v.*

## ALONZO ELWELL.

1. PRACTICE—*issue must be made before trial, if demanded.* Where the attention of the court is called to the fact that no replication has been filed to the answer of defendant, and defendant objects to proceeding in the cause until an issue is made, it is error for the court to disregard the objection and compel the trial to proceed.

2. MECHANIC'S LIEN—*answer setting up claim of a like lien is in nature*

*of a cross-bill.* The answer of a sub-contractor, to a petition filed by another sub-contractor, for a mechanic's lien, setting up a like claim, is in the nature of a cross-bill, and it is error to compel the owner of the property on which the lien is claimed to go to trial, without an opportunity to answer the same.

3. SAME—*fund out of which sub-contractor is to be paid.* The money which may remain in the hands of the owner, and due to the original contractor, after all deductions are made to which the owner is entitled, is the fund, and the only fund, out of which sub-contractors are to be paid.

4. A decree in favor of sub-contractors for a mechanic's lien, which is against the owner of the property alone (the original contractor being a party to the suit and duly served), and not being in any way dismissed from the case, and there being no finding of any kind as to him, is erroneous.

5. SAME—*when against several buildings.* Where a mechanic's lien is sought against several separate buildings, the decree must be against each, for the value of work and material on it, and not against all for the aggregate value of work and material on all.

6. SAME—*suit for labor and material no bar.* The fact that a suit, by a sub-contractor, against the owner and original contractor, has been brought before a justice of the peace, under the statute, and is still pending, is no bar to his enforcing his lien by decree.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. JOHNSTON, ROGERS & APPLETON, for the appellant.

Messrs. PRENTISS & HOOKE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding by petition, instituted in the circuit court of Cook county by Alonzo Elwell, claiming to be a sub-contractor, under a contract entered into between John Culver and William E. Lockman, to erect and finish for Culver five buildings on five different lots, and in different blocks, in Culver's addition to the town of Evanston. In the petition, it was alleged that certain other parties, namely: Philo Marsh, Benjamin Peoney, and others, had performed labor and furnished materials upon the buildings in question. Marsh and Peoney appeared, and presented their claims for adjudication and filed separate answers, alleging they had furnished materials and labor on these buildings, in accordance with the terms

of the original contract between Culver and Lockman; that they had served notices upon Culver, and prayed that their claims might be adjudicated, and the respective amounts thereof secured to them, and that they might have a lien therefor on the premises described.

It also appears, in the interpleader of Marsh, that he had brought his action before a justice of the peace, against Culver and Lockman, and had recovered a judgment against them for the amount of his claim, and which they had taken to the circuit court of Cook county, by appeal.

The cause was tried by a jury, resulting in a verdict for Elwell, Marsh and Peoney, for the full amounts claimed by them, and against Culver only, for these sums aggregated.

A motion for a new trial was denied, and a decree was rendered that the petitioners, Elwell, Marsh and Peoney, have and recover of the said Culver the sum of eleven hundred and thirteen dollars forty-seven cents, which sum shall be divided and awarded between said petitioners as follows: to Elwell, $336; to Marsh, $167.47; and to Peoney, the sum of $610; and in case the said sum of $1113.47 shall not be paid by the said Culver within thirty days from the 24th day of February, 1874, the interest of the said Culver in the land described in the petition, together with the buildings thereon, be sold by the sheriff, to satisfy this decree, together with all costs and charges.

The defendant, Culver, appeals from this decision, and assigns various errors, some of which we have considered.

The first point made by appellant is, there were no issues joined in the cause for a jury to try. So far as Elwell's petition is concerned, there was no replication to the defendant's answer, and to this the attention of the court was called, in the shape of an objection by defendant to proceeding until the cause should be at issue. This objection the court disregarded, and compelled the trial to proceed. This was error, and contrary to the course of all courts in such like cases. It is true, a cause may proceed to trial and judgment if there be no formal issue made up. it being presumed the fact was known and the formality waived. But when a party demands that an issue

shall be made up before trial, it is a demand which must be complied with. It is a right of which the party can not be deprived when he insists upon it.

But a more serious error than this was committed by the court. The petition of Elwell had been on file more that twelve months before Marsh and Peoney took any steps to put their claims in a position for adjudication. It was not until the day before the cause of Elwell was called for trial, that they put in their answers by way of interpleader. These answers claimed affirmative relief, and must be regarded as in the nature of cross-bills. Appellant objected to proceeding on these claims so set up in these cross-bills, and demanded an opportunity to answer them. The court denied this demand, and, without any issue being made up on these cross-bills, a trial was had, against the appellant's objections. Appellant's answer to the original petition filed by Elwell, had been on file many months, and the petition itself had been pending fifteen months before a word was heard from these interpleaders, or any movement made by them, or either of them, to substantiate their claims, until the day previous to the calling of this cause for trial. Appellant was in no privity with these men; his responsibility to them was not direct, but derivative, and he was entitled to a reasonable time to answer and prepare his defense. Though Marsh and Peoney are nominally co-defendants, yet, really and substantially, they are petitioners, and in that character ask the aid of the court to adjudicate their claims. Surely common justice required that appellant should have been allowed a reasonable time in which to investigate these claims, and prepare his defense against them. It was error to deprive him of this opportunity.

Another point made by appellant is, that the verdict and decree are not in conformity with the statute. Section 7 of the act provides that the decree shall be entered against the owner and the original contractor. Both the defendants were duly served with process, and both in court to receive its judgment, yet we find no verdict, judgment or decree against Lock-

man, the original contractor, who was the real debtor of these claimants, nor was he dismissed out of the case.

Without taking up each point made by appellant, we will say, we have examined the testimony in this record carefully, and we find the original contractor was in default to appellant to a very large amount, for which it does not appear any allowance was made to him—in the quality of the work, as appears from the testimony of the superintendent, Johnson, and in the delay in the completion, for which damages were stipulated. These should have been deducted, together with all the payments made by appellant, and he made chargeable for the balance only.

It is reasonable, that on a contract for work to be completed by a time certain, and for default thereof, the owner should have damages at a certain rate per day, until the work was completed. The owner should be entitled to retain this sum as against the claim of a sub-contractor. As we understand it, the money which may remain in the hands of the owner, after all the deductions to which he is entitled are made, is the fund out of which the sub-contractors are to be paid, and is the only fund. This has not been found by the jury or by the decree. Neither of them shows how much, after all proper deductions, was due from appellant to the original contractor. This is indispensable.

Another serious error assigned is, that the decree establishes liens upon all these buildings, five in number, on separate lots and different blocks, as upon one building. If these five buildings were one block, covered by the same roof, such decree would be proper. *James et al.* v. *Hambleton et al.* 42 Ill. 308. We understand these premises to be distinct and separated from each other, and under separate roofs. This being so, the rule in *Steigleman* v. *McBride*, 17 Ill. 300, applies, where it is said, if the work done or material furnished are upon distinct premises, the lien must be against each of the several premises, according to the value of the work and material on each.

Another point is made. Marsh sets forth in his answer or

cross-bill, that he had brought his action against appellant and Lockman before a justice of the peace, and had recovered a judgment against them for the full amount thereof, which they had appealed to the circuit court. The pendency of this action was set up by appellant in bar of this proceeding, but was disallowed by the court. In this there was no error. As with a mortgage lien, so in this, a party may have two recoveries for the same cause, but only one satisfaction.

These are the only points we have considered. For the errors indicated the decree must be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*