JOHN O'BRIEN

*v.*

WILLIAM S. GOODING *et al.*

*Opinion filed February 21, 1902.*

1. MECHANICS' LIENS—*a contractor cannot enforce his lien by suit at law.* The only remedy whereby an original contractor may enforce his lien is by a bill or petition in chancery, as prescribed by section 9 of the Mechanic's Lien act of 1895.

2. SAME—*section 29 of Mechanic's Lien act of 1895 applies to sub-contractors, only.* Sections 29 and 30 of the Mechanic's Lien act of 1895, concerning the bringing of suits at law for the amount of a lien, refer to sub-contractors, only, and the suits and judgments therein mentioned must be brought and rendered against both the owner and the contractor, jointly.

3. SAME—*facts necessary to authorize justice of the peace to enforce lien must affirmatively appear.* When any proceeding to enforce a mechanic's lien before a justice of the peace is authorized by statute, all facts necessary to give jurisdiction must affirmatively appear on the face of the proceeding.

4. SAME—*judgment enforcing mechanic's lien must conform strictly to the statute.* Since mechanics' liens are dependent entirely upon the statute for their existence, judgments or decrees in proceedings to enforce them must conform strictly to the statute, otherwise they are without legal sanction and without effect.

APPEAL from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

This is an action of ejectment, begun on April 2, 1900, by the appellant against the appellees, William S. Gooding, Charles T. Barnes, Marion A. Barnes, Eliza J. Evans and others, to recover possession of two lots in Chicago, which, together with the buildings thereon, are known as 1646 and 1648 West Congress street. The defendants filed several pleas, and, among others, the plea of the general issue, that neither they, nor either of them, were guilty of unlawfully withholding the possession of the premises claimed in the declaration. The cause being at issue was submitted to the court for trial without a jury, jury being waived by agreement. Evidence, oral and documentary, was introduced, and the court found

the defendants not guilty of unlawfully withholding the possession of the premises described in the declaration, and that the rights to the possession thereof were in the defendants in fee simple. After motion for new trial was overruled, the court below rendered judgment that the defendants recover from the plaintiff below, John O'Brien, their costs and charges, and have execution therefor. The present appeal is prosecuted from the judgment so rendered in favor of the defendants below, appellees here.

Both the plaintiff and defendants below claimed title through a common source, to-wit, from William S. Gooding. The plaintiff introduced in evidence upon the trial below, without objection on the part of the defendants, a deed dated November 18, 1897, executed by Helen (Helena) M. Wells, by her attorney in fact, of Milwaukee, in the State of Wisconsin, conveying, for a consideration of $5000.00, the property in question to William S. Gooding, which deed was acknowledged on March 1, A. D. 1898, and recorded in the recorder's office of Cook county on March 3, 1898.

Plaintiff below also introduced in evidence a transcript of certain proceedings, had before a justice of the peace in and for the county of Cook between John O'Brien Lumber Company, a corporation, plaintiff, and William S. Gooding and Marion A. Barnes, Edwin J. Bowes, Jr., and Eliza J. Evans, defendants, which showed that the suit before the justice was begun on July 13, 1898, summons as of that date having been issued by the justice summoning said defendants to appear before him on July 18, 1898, to answer the complaint of the John O'Brien Lumber Company, a corporation, for failure to pay a certain demand not exceeding $200.00; that the summons was served upon the defendants, William S. Gooding, Marion A. Barnes and Edward (Edwin) J. Bowes, Jr.; that the case was continued to July 29, 1898, at which time it was dismissed, on motion of plaintiff, as to Marion A. Barnes, Eliza J. Evans and Edwin J. Bowes, Jr.; that

the case was tried before the justice on July 29, 1898; that, upon that day, witnesses being sworn and evidence heard, the justice found that the defendant, William S. Gooding, was indebted to the plaintiff, the John O'Brien Lumber Company, in the sum of $145.00, "and lien as per former order, lien to date from April 13, 1898;" that judgment was thereupon rendered by the justice of the peace, that the said plaintiff should have and recover of the defendant, Gooding, the sum of $144.00 and costs of suit, "and judgment ordered and entered therefor July 29, 1898;" that, thereupon, immediate execution was ordered and issued to a constable, who made a return on July 30, 1898, that the defendant, Gooding, had no personal property in his county, whereof he could cause to be made the judgment and costs or any part thereof; that "above lien (is) on lots 8 and 9, etc.,   *   *   *   and known as 1646 and 1648 West Congress street." The certificate, attached to the transcript of the justice, bears date August 12, 1898, and certifies that such transcript is truly copied from the files and books of his office in the case between the John O'Brien Lumber Company, plaintiff, and William S. Gooding, defendant, and that the same contains a true copy of the original summons, the return of the officer thereon, the judgment and the execution issued thereon with the return of the officer upon the same, and a copy of his docket in the case, and of each process issued by him in said cause, and the return of the officer thereon. This certificate by the justice was addressed to the clerk of the circuit court of Cook county, and the transcript was filed by said clerk and recorded on August 13, 1898. Thereupon, on August 16, 1898, execution was issued by the clerk of the circuit court out of that court to the sheriff of Cook county, and received by him on August 25, 1898. The sheriff made return upon the execution that, on August 29, 1898, he levied upon all the right, title and interest of the defendant, William S. Gooding, in and to said lots 8 and 9, and that by virtue

of the execution and levy he did, on October 25, 1898, sell the property for the sum of $188.62 to John O'Brien. The sheriff issued a certificate of sale or purchase to John O'Brien, certifying that he would be entitled to a deed to the lots so sold on January 26, 1900, unless the same should be redeemed. On January 26, 1900, the sheriff of Cook county issued a sheriff's deed to John O'Brien, conveying to him said lots 8 and 9, etc., and known as Nos. 1646 and 1648 West Congress street in Chicago, reciting in said deed that the John O'Brien Lumber Company did, on June 29, 1898, before a justice of the peace of Cook county, recover a judgment against William S. Gooding for $144.00 and costs upon a transcript of which judgment, filed for record in the circuit court of Cook county on August 13, 1898, an execution was issued dated August 16, 1898, directed to the sheriff of Cook county to execute, and by virtue whereof the sheriff levied upon said premises, and, having advertised the time and place of sale, struck off and sold the same to John O'Brien for $188.62 on October 25, 1898.

The defendants, appellees here, introduced in evidence a deed, dated April 25, 1898, and acknowledged and recorded on April 26, 1898, executed by William S. Gooding, bachelor, conveying, for a consideration of $25,000.00, to Marion A. Barnes and Eliza J. Evans of Chicago said lots 8 and 9 with the improvements thereon, subject to a trust deed securing a note for $9000.00, and to another trust deed to secure four notes of $600.00 each.

LEVI SPRAGUE, for appellant.

EDWIN F. ABBOTT, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The appellant, upon the trial below, relied upon the sheriff's deed, dated January 26, 1900, and described in the statement preceding this opinion. The appellees re-

lied upon the deed, dated April 25, 1898, executed by William S. Gooding to Marion A. Barnes and Eliza J. Evans. The latter deed was dated and recorded before the sheriff's deed upon which appellant relied. The suit before the justice was not begun until July 13, 1898. The transcript of the proceedings before the justice was not filed in the circuit court of Cook county until August 13, 1898.

Section 1 of article 12 of the act in relation to justices of the peace, etc., provides that, "when it shall appear by the return of the execution first issued as aforesaid, ˙ that the defendant has not personal property sufficient to satisfy the judgment and costs within the county in which judgment was rendered, and it is desired by the plaintiff to have the same levied on real property in that or any other county, it shall be lawful for the justice to certify to the clerk of the circuit court of the county in which such judgment was rendered, a transcript, which shall be filed by said clerk, and the judgment shall thenceforward have all the effect of a judgment of the said court, and execution shall issue thereon, out of that court, as in other cases." (2 Starr & Curt. Ann. Stat.— 2d ed.—p. 2454). In the case at bar, the transcript, filed with the clerk of the circuit court on August 13, 1898, recited the existence of the judgment before the justice, the issuing of an execution thereon, and the prescribed return thereof by the constable, and, hence, the filing and recording of the transcript in the office of the clerk of the circuit court created a lien, and authorized the issuance of the execution by the circuit clerk. We have held that, where the transcript recites the execution and return as required by statute, the filing and recording of it in the office of the clerk of the circuit court create a lien. (*Wooters* v. *Joseph,* 137 Ill. 113). If appellant obtained no lien until the transcript was filed with the clerk of the circuit court on August 13, 1898, then the appellees, Marion A. Barnes and Eliza J. Evans, obtained the better title, because the deed to them was executed and

recorded long before August 13, 1898, to-wit, on April 25 and 26, 1898.

It is contended, however, on the part of appellant, that the claim of $144.00, for which the John O'Brien Lumber Company brought suit before the justice of the peace against William S. Gooding, Marion A. Barnes, Edwin J. Bowes, Jr., and Eliza J. Evans, was for lumber sold and delivered by the lumber company to William S. Gooding at his request on a contract made with him, dated April 13, A. D. 1898. In the proceedings before the justice, as shown by the transcript, the justice found that Gooding was indebted to the lumber company "in the sum of $145.00 and lien as per former order, lien to date from April 13, 1898." The contention of the appellant is, that the lien, created by the filing of the transcript with the clerk of the circuit court, and the issuance of execution thereon, related back to April 13, 1898, by virtue of the recital so made by the justice in his finding, and that, the execution having been levied in pursuance of a lien alleged to have been created on April 13, 1898, and the sale and sheriff's deed having been based upon that levy, the sheriff's deed is entitled to take precedence over the deed executed to Marion A. Barnes and Eliza J. Evans on April 25, 1898. In other words, appellant claims that his sheriff's deed was executed under and in pursuance of a lien, which ante-dated the title acquired by the appellees on April 25, 1898, the latter date being subsequent to April 13, 1898.

The contention, thus made by the appellant, depends upon the question whether the recital by the justice in his finding or judgment, as above quoted, entitled appellant to a lien as of the date of April 13, 1898. In support of the claim thus made by the appellant he relies upon sections 29 and 30 of the act of June 26, 1895, in relation to mechanics' liens.

Section 29 of the Lien act of 1895 provides as follows: "If the money due to the sub-contractor shall not be

paid," within certain times and on a certain date named, "and any money shall then be due from such owner to the contractor, then such person may either file his petition and enforce his lien as heretofore provided for the contractor in sections nine (9) to twenty-one (21) inclusive of this act, except as to the time within which suit shall be brought, or he may sue the owner or contractor jointly for the amount due him, in any court having jurisdiction of the amount claimed to be due, and a personal judgment may be rendered therein, as in other cases. In such actions at law, as in suits to enforce the lien, the owner shall be liable to the complainant for no more than the *pro rata* share that such person would be entitled to with other sub-contractors out of the funds due to the contractor from the owner under the contract between them, and such actions at law shall be maintained against the owner only in case the complainant establishes his right to the lien. All suits and actions by sub-contractors shall be against both contractor and owner jointly, and no decree or judgment shall be rendered therein until both are duly brought before the court by process or publication. All such judgments, where the lien is established, shall be against both jointly, but shall be enforced against the owner only to the extent that he is liable under his contract as by this act provided, and shall recite the date from which the lien thereof attached according to the provisions of sections one (1) and twenty-two (22) of this act, but this shall not preclude a judgment against the contractor personally, where the lien is defeated." Section 30 of the Lien act is as follows: "If the execution issued on a judgment obtained before a justice of the peace shall be returned not satisfied, a transcript of such judgment may be taken to the circuit court and spread upon the records thereof, and execution issued thereon as in other cases, except that the lien of the same shall be preserved as a preferred lien on the property improved from the date recited

in the judgment and enforced thereon the same as if a decree had been rendered by the circuit court in a suit to enforce such lien under the provisions of this act." (2 Starr & Curt. Ann. Stat.—2d ed.—pp. 2576-2578).

We are of the opinion, that sections 29 and 30, as above quoted, have no application to this case. There is nothing in the transcript of the proceedings, had before the justice of the peace, which shows what the claim there sued upon was for, whether for lumber furnished to go into the improvement upon these premises or not. Appellant introduced in evidence a deed to Gooding, which showed that Gooding was the owner of the property on April 13, 1898. If lumber was furnished by the John O'Brien Lumber Company to Gooding, it must have been by virtue of a contract between the lumber company and Gooding, as owner. This being so, the relation between the lumber company and Gooding was that of contractor and owner. Section 1 of the Lien act of 1895 provides that any person, who shall, by contract with the owner, furnish materials for the purpose of building any house, etc., on the lot of such owner, shall be known as a contractor, and shall have a lien upon the whole of such lot, etc. Section 9 of the Lien act of 1895 provides that, "if payment shall not be made to the contractor having a lien by virtue of this act of the amount due when the same becomes due, then such contractor may bring suit to enforce his lien by bill or petition in any court of competent chancery jurisdiction in the county where the labor was done or the materials delivered." (2 Starr & Curt. Ann. Stat.—2d ed.—p. 2556). The Lien law makes no provision for any other remedy, whereby the contractor can enforce his lien as against the owner of the property, than that mentioned in section 9. In other words, the contractor must enforce his lien by bill or petition in a court of chancery, and not in a court of law, or before a justice of the peace.

This court has held, that the statute in regard to me-
chanics' liens is in derogation of the common law, and
must be construed strictly.   The party, seeking to en-
force it, must bring himself strictly within the terms of
the statute.   It cannot be extended to cases not provided
for by the language of the statute.   (*May Brick Co.* v.
*General Engineering Co.* 180 Ill. 535).   As therefore, the pro-
ceeding before the justice by the John O'Brien Lumber
Company against Gooding was for the purpose of en-
forcing the lien of the original contractor against the
owner of the property, the justice of the peace. had no
jurisdiction to render any judgment, and the proceedings
of the justice of the peace in that regard were void.

Section 29 of the Lien law only provides for cases
where money due to the sub-contractor is not paid.   The
party who, under section 29, is authorized to sue at law
is a sub-contractor, and not an original contractor.   It
does not appear here, that the John O'Brien Lumber
Company was a sub-contractor.   Moreover, by the terms
of section 29, "all suits and actions by sub-contractors
shall be against both contractor and owner jointly, and
no decree or judgment shall be rendered therein until
both are duly brought before the court by process or
publication." (*Culver* v. *Elwell*, 73 Ill. 536; *Munster* v. *Doyle*,
50 Ill. App. 672).   In the case at bar, the suit before the
justice was dismissed as to all the defendants except
Gooding, the owner.   That suit, if brought by the John
O'Brien Lumber Company as a sub-contractor, was not
brought against the contractor and owner jointly as
section 29 requires.   It was brought against the owner
alone.   Section 29 further provides that "all such judg-
ments, where the lien is established, shall be against
both jointly," that is, against both the contractor and
the owner.   Here, the judgment was not against the con-
tractor and owner jointly, but against the owner alone.
"As mechanics' liens are dependent entirely upon stat-
utes for their existence, the judgments or decrees in pro-

ceedings to enforce them must conform strictly to the statute giving the lien; otherwise the judgment is without legal sanction and without effect." (13 Ency. of Pl. & Pr. p. 1029).

In addition to this, section 29 provides that all such judgments shall be against both the contractor and the owner jointly, "where the lien is established," "and shall recite the date from which the lien thereof attached according to the provisions of sections one (1) and twenty-two (22) of this act."

It does not appear from the proceedings before the justice, as here introduced, that any lien was established. The recital in the finding or judgment of the justice is as follows: "And lien as per former order, lien to date from April 13, 1898." There nowhere appears in the proceedings of the justice any "former order." If there was any order, it is not set forth in the proceedings before the justice, as is required by section 2 of article 12 of the act in regard to justices of the peace. Moreover, it does not appear from the recital in the judgment of the justice what the lien was for, and whether it originated under the provisions of section 1 or of section 22. Both the right to the lien, and the method of enforcing it, must be in strict compliance with the terms of the statute. Where any proceeding to enforce a mechanic's lien before a justice of the peace is authorized by statute, "all facts necessary to give jurisdiction must appear affirmatively on the face of the proceeding." (Boisot on Mechanics' Liens, sec. 518).

While we do not undertake here to determine definitely what the legislature meant by the provisions in sections 29 and 30 of the act of 1895 in regard to the recital in the judgments there referred to of the date of the lien there mentioned, we are clearly of the opinion that section 29 has reference to sub-contractors, and not contractors, and that the actions at law and judgments therein mentioned must be brought and rendered against the

o

contractor and owner jointly.   As nothing in the facts of this case brings it within the terms of sections 29 and 30, the meager recital in the judgment rendered by the justice of the peace, as shown by the transcript here, did not have the effect of carrying back the lien, created by the filing of the transcript in the circuit court, to April 13, 1898.   No precedence was thereby given to the sheriff's deed, under which the appellant claims, over the deed executed on April 25, 1898, by Gooding to the appellees, Marion A. Barnes and Eliza J. Evans.

Accordingly, the circuit court committed no error in the judgment which it rendered in favor of the defendants, and that judgment is affirmed.

*Judgment affirmed.*