### James S. Walker, Appellee, v. O'Gara Coal Company, Appellant.

1. GARNISHMENT—*when jurisdiction to enter judgment does not appear.* A judgment in garnishment by which a wage claim is reached is void for want of jurisdiction where it does not appear from the docket of the justice that the statutory demand upon the employer and employe for the excess above exemptions had been made.

2. EXEMPTIONS—*when demand for excess wages essential.* A demand for the wages of an employe in excess of his exemptions is essential to the valid maintenance of a garnishment proceeding regardless of whether such wages are paid by the day or by the amount of labor performed.

Action commenced before justice of the peace. Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

M. S. WHITLEY, for appellant.

W. S. SUMMERS and G. E. DOOD, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court. This is an appeal by the defendant from a judgment

rendered by the Circuit Court of Saline county in favor
of the plaintiff upon an appeal from a justice of the
peace.   Appellee brought  suit to recover from appel-
lant the sum of $16.90, claimed as wages earned, due
for work as a miner in the employ of appellant.  Proof
was made of a demand in writing prior to commence-
ment of suit, as required by section 13, chapter 13,
Revised Statutes, and upon evidence heard on trial by
jury in the Circuit Court a verdict was returned and
judgment rendered in favor of appellee for $16.90,
the sum demanded, and for $20 as an attorney fee.  The
contention of appellant and the only defense interposed
was, that prior to the hearing in this case, it paid the
sum due and now claimed by appellee, in satisfaction
of a garnishee judgment rendered against appellant
and in favor of one C. W. Turner, for the use of ap-
pellee, in a proceeding before a justice of the peace.
In proof of the garnishee judgment and satisfaction
thereof, appellant offered in evidence the justice's
docket which recites the summons, service and return,
appearance and answer by appellant, that $16.90 was
then due appellee, and a judgment for that sum against
appellee and in favor of the plaintiff in garnishment.
It also appears from the docket that the judgment was
satisfied by appellant.  There was no evidence by the
docket or otherwise, showing jurisdiction of the justice
in the garnishee proceedings.  The statute (section 14,
chapter 62) expressly provides that before bringing a
suit in garnishment a demand in writing shall first be
made upon the wage earner and his employer for the
excess above exemptions, and that a copy of such de-
mand shall be left with each, twenty-four hours pre-
vious to bringing suit, and be filed with the justice be-
fore it shall be lawful to issue a summons in such case.
And the statute reads that "any judgment rendered
without said demand being served upon the wage
earner, and so proven and filed as aforesaid shall be
void."  It appearing from the record that the justice
in garnishee proceedings acted contrary to the statute

and without having acquired jurisdiction of the parties as the law provides, the judgment rendered was absolutely void and its payment by appellant is without effect as a defense to this action. The statute plainly so declares and so must we. The jurisdiction of a justice of the peace is statutory and presumptions extending it beyond the plain limits of the statute cannot be indulged. Vogel et al. v. The People, 37 App. 388. The jurisdiction of a justice of the peace cannot be presumed. It must appear affirmatively upon the face of the proceedings. Garrett v. Murphy, 102 App. 65; O'Brien v. Gooding et al., 194 Ill. 466. The evidence introduced by appellee was sufficient to authorize a recovery, and as the evidence of damages and the attorney's fees was undisputed, and the appellant offered no evidence tending to establish a legal defense, the court very properly instructed the jury to return the verdict rendered.

It is argued by counsel, that inasmuch as appellee was paid by the ton for the coal mined instead of by the day or hour for the time he worked, he is not entitled to the rights accorded by the statute to wage-earners; that is, that he was not working for wages and therefore not within the protection of the statute invoked. There is no merit in this contention. Appellant cites no authority, and we are acquainted with none, that would justify a discrimination based upon the manner of payment, calling the miner's earnings "wages" when paid by the day, but not to be so regarded when paid by the ton. It is not reasonable to suppose that the legislature had such intent when the law was enacted, for in the statute the miner is classed with the mechanic, artisan, laborer, servant and employe, who "shall have cause to bring suit for his or her wages, earned or due." At the time, and since the statute was passed, it is matter of common knowledge that miners are usually paid by the ton and not by the day or week, for the coal taken out. Appellant's abstract makes no mention of the judgment appealed from, and

for that reason alone it would be proper and quite within the approved practice in such case, to affirm the judgment. Amundson Printing Co. v. Empire Paper Co., 83 App. 440, and cases there cited. Nevertheless as indicated by the foregoing opinion, we have carefully considered all the errors pointed out in argument, and find no cause for reversal. The judgment will therefore be affirmed.

*Affirmed.*