C. E. Elkins, Defendant in Error, v. Mary Schillinger et al., Plaintiffs in Error.

### Gen. No. 14,657.

1. MECHANICS' LIEN—*what essential to joint judgment against owner and contractor*. Under section 28 of the mechanics' lien law, the subcontractor must prove that he is entitled to a lien on the premises in question in order to entitle him to a joint judgment against the owner and contractor.

2. MECHANICS' LIEN—*erroneous to render judgment for attorney's fee*. Held, that the rendition of a judgment for attorney's fee in an action brought under the mechanics' lien act is erroneous.

Mechanics' lien. Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed. Opinion filed November 19, 1909.

McCASKILL & SON, for plaintiffs in error.

No appearance by defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The defendant in error, Elkins, brought an action in the Municipal Court of Chicago under section 28 of

the lien law to recover $33.50 alleged to be due him for labor on a building of Mary Schillinger, plaintiff in error, as a subcontractor. The court found in favor of the plaintiff and entered judgment for the amount sued for, and five dollars attorneys' fees in the case. Errors are assigned on the judgment.

Upon an examination of the record we find that the judgment is erroneous upon the merits, and for the reason that it includes an attorney's fee.

In our opinion the evidence does not, under the law, warrant the conclusion that defendant in error is entitled to a mechanic's lien on the premises. The plaintiff must prove, in actions brought under this statute, that he has a lien on the premises in order to entitle him to a joint judgment against the owner and contractor. The plaintiff failed to make this proof. The evidence shows that he is not entitled to a lien. No indebtedness is shown and found from the owner to the contractor. The judgment is therefore erroneous. Merritt v. Crane Co., 126 Ill. App. 337; Culver v. Elwell, 73 Ill. 536.

The judgment is also erroneous because it allows an attorney's fee. Manowski v. Stephan, 233 Ill. 411.

The judgment is reversed but the cause is not remanded.

*Reversed.*