# Isaac Zechman et al., Defendants in Error, v. Harry Feigenbaum et al., Louis Dultz, Plaintiff in Error.

## Gen. No. 15,717.

APPEALS AND ERRORS—*when evidence in another cause cannot be considered.* Evidence adduced in another cause not contained in the transcript on file in the Appellate Court cannot be considered, unless the two causes have been consolidated, unless in some way preserved in the transcript under consideration.

Error to the Municipal Court of Chicago; the HON. HUGH R. STEWART, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed October 5, 1911.

Winston, Payne, Strawn & Shaw, for plaintiff in error; John C. Slade, of counsel.

Jacob Diamond and James F. Hutchison, for defendants in error; Harry C. Diamond, of counsel.

Mr. Presiding Justice Brown delivered the opinion of the court.

Reference to the opinion handed down herewith in cause 15716 in this court, Feigenbaum, defendant in error, vs. Dultz, plaintiff in error, will show the relation of this cause to that. (*Ante*, p. 360.) Under all the circumstances we should be embarrassed in disposing of this case were the judgment in correct form.

It is plain that the reversal of the judgment in 15716 requires also, to secure justice, the reversal of this judgment and a retrial of the cause under the changed conditions.

But the cases have not been consolidated, and we are not at liberty to consider the evidence in 15716 as evidence in this case, simply because of a memorandum in the record that the court below announced that "by stipulation the evidence in the case of Feigenbaum vs. Dultz, 13188 in the Municipal Court of Chicago," * * * "is to be considered as evidence in this case."

Such a stipulation was probably sufficient to justify the trial judge in considering the evidence in that case in the decision of this one, but without consolidation of the records in this court, or stipulation even concerning the matter in this court, we can derive no information from the return to the writ of error in another case, upon which we could justify action in this case. Reflection will show how dangerous a precedent this would be, whatever moral certainty might exist in this particular case that the further evidence considered below was to be found in said other return.

As the record itself, therefore, in this case shows that evidence not contained in it was by stipulation considered below, we should feel ourselves obliged to affirm the judgment under our invariable rule but for the reason before suggested—that the judgment is incorrect in form.

The case was expressly brought under the Mechanic's Lien Act. The 28th section of the Act of May 18, 1903, entitled "An Act to Revise the Law in Relation to Mechanics' Liens," regulates and controls the practice in these "Actions at Law against Owner and Contractor."

It was said in O'Brien vs. Gooding, 194 Ill. 466, that in said actions "Both the right to the lien and the method of enforcing it must be in strict compliance with the terms of the statute."

The statute says "All such judgments   *   *   * shall recite the date from which the lien thereof attached.   *   *   *"

The judgment in this cause does not recite any such date. We think the omission, under the circumstances of this case, at least, a sufficient reason for reversing the judgment of the Municipal Court and remanding the cause to that court.

*Reversed and remanded.*