## Thomas S. Howell Plaintiff in Error, v. John Emil Anderson et al., Defendants in Error.

### Gen. No. 16.864.

1. MECHANIC'S LIENS—*section 28 of Act construed.* The statute contemplates that only owners and principal contractors shall be made defendants in suits at law by subcontractors.

2. ASSUMPSIT—*what essential to recover in actions upon contracts.* In actions on contracts expressed or implied wherein several parties are made defendants recovery must be against all or none.

Mechanics' lien. Error to the Municipal Court of Chicago; the HON. HENRY C. WARD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912.

EASTMAN, EASTMAN & WHITE, for plaintiff in error.

MATZ, FISHER & BOYDEN, for defendants in error; LAIRD BELL, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

Suit was brought by Thomas S. Howell, as plaintiff (plaintiff in error here), against John Emil Anderson,

A. Biggs Sash and Door Company, Frank M. McKey, Trustee in Bankruptcy of the A. Biggs Sash and Door Company, John Lewis Cochran and Bryan Lathrop, as defendants (defendants in error here). The suit was of the fourth class. Summons was served on all of the defendants except Bryan Lathrop. The default of the two defendants, A. Biggs Sash and Door Company and Frank M. McKey, as trustee in bankruptcy, etc., was entered. The appearance of John Emil Anderson and John Lewis Cochran was entered by their attorneys, and an affidavit of merits of each of them respectively was filed.

The suit was brought upon a claim for mechanic's lien, under section 28 of the Mechanics' Lien Law, paragraph 42 of chapter 82, Revised Statutes of 1909. The case was heard before the court without a jury. The court entered a finding against the plaintiff, upon which judgment for costs in favor of the defendants and against the plaintiff was entered. The plaintiff asks that the judgment be reversed.

The record shows that a stipulation was entered into between the defendant, John Emil Anderson, and the plaintiff, Thomas S. Howell, as to certain facts in the case, the substance being that Anderson was the owner in fee simple of certain described real estate, and was at that time engaged in improving the premises with a flat building; that by John A. Anderson, his father, as duly authorized agent, he entered into a contract with A. Biggs Sash & Door Company to deliver to the premises certain materials, such as doors, windows, sashes, etc., and all of the interior finishing work for the building being constructed by Anderson; that Anderson submitted to the Biggs Company specifications and plans of the building, and that an estimate was prepared by the Biggs Company upon such plans and specifications; that the offer was a verbal offer to furnish the materials in a complete state ready for installation, for the sum of $2,200; that the full amount of the con-

tract price was paid to the Biggs Company on or before the 13th of November, 1909; that all of the goods were delivered prior to the first of February, 1910; that Anderson paid the said sum to the Biggs Company without receiving from it a statement in writing under oath, of the names of the parties furnishing material and labor and of the amounts due or to become due to each; that on February 18, 1910, the plaintiff, Howell, served upon John A. Anderson a notice to the effect that he had been employed by the Biggs Company to furnish veneered doors under "their contract with you on your property described as follows," etc., and that there was due to Howell on the first day of January, 1910, therefor the sum of $397.69, and that he would hold "the buildings and your interest in the grounds liable for the amount that is due me account thereof." It is to be noted that the notice was served on John A. Anderson and not John Emil Anderson, the defendant. The stipulation further recited that the defendants, John Lewis Cochran and Bryan Lathrop, are trustees under trust deeds upon the premises mentioned, which trust deeds had been recorded; that a certain number of doors were delivered to the premises by the plaintiff.

It has been held that as to suits in the Municipal Court of Chicago, under section 28 of the Mechanics' Lien Law, providing that a subcontractor may sue the owner and contractor jointly for the amount due him, the only action at law authorized is assumpsit, and that a contract between the subcontractor and the owner will be implied for all such amounts as the contractor may recover from the owner under such section, although the express contract was between the contractor and the subcontractor. Harty Bros. v. Polakow, 237 Ill. 559.

The theory upon which the case before us is evidently brought is that Howell was a subcontractor of the A. Biggs Sash & Door Company, and that the defendant

Biggs Company was the principal contractor and the defendant John Emil Anderson the owner.

Section 28 of the Mechanics' Lien Law above referred to provides that "all suits and actions by subcontractors shall be against both contractor and owner jointly, and no judgment or decree shall be rendered therein until both are duly brought before the court by process or publication, and in all courts including actions before a justice of the peace and police magistrates, such process may be served and publication made as to all persons, except the owners as in suits in chancery. All such judgments, where the lien is established shall be against both jointly, but shall be enforced against the owner only to the extent that he is liable under his contract as by this act provided, and shall recite the date from which the lien thereof attached according to the provisions of sections one (1) to twenty (20) of this act; but this shall not preclude a judgment against the contractor, personally, where the lien is defeated."

It seems quite clear to us that the statute contemplates that only owners and principal contractors shall be made defendants in suits at law by subcontractors, under the section of the statute referred to. It appears that the Biggs Company at the time of the suit was insolvent and that Frank M. McKey was acting as its trustee in bankruptcy. Whether or not a judgment could have been entered against the Biggs Company,—the record so showing it as an insolvent corporation whose assets were in the hands of a trustee in bankruptcy,—need not be determined in the view we take of the case. Certainly no judgment could have been entered against McKey, individually or as trustee. The appellee, John Lewis Cochran, was made defendant in his individual capacity and entered his appearance, at the same time filing an affidavit of merits in which it was recited that his only interest in the property was that of trustee under a deed of trust. His

contention in that regard was sustained by the stipulation of facts heretofore referred to. It is clear that no judgment could properly have been entered against him in this proceeding. The defendant, Bryan Lathrop, was not served with process, but the suit was not dismissed as to him. Nor was it dismissed as to any other of the defendants. In Harty Bros. v. Polakow, *supra*, it was held, as heretofore stated, that an action such as this could be maintained against the owner, on the ground that there is on the part of an owner an implied promise to pay. It has been many times held that in actions on contract, express or implied, wherein several parties are made defendants, recovery must be against all or none. Davidson v. Bond, 12 Ill. 84; Thayer v. Finley, 36 Ill. 262; Claflin v. Dunne, 129 Ill. 241; Kingsland v. Koeppe, 137 Ill. 344; Felsenthal v. Durand, 86 Ill. 230; Goit v. Joyce, 61 Ill. 489. It is also to be noted that section 28 of the lien law above referred to requires that the judgment be a joint one.

Under any view of the evidence in this case, recovery, if any, could be had only against Anderson as owner and the Biggs Company as principal contractor. Plaintiff did not see fit to dismiss the case as against the other defendants who, as we believe, were improperly joined. O'Brien v. Gooding, 194 Ill. 466, 474. There was, therefore, in our opinion, nothing for the court to do at the close of the case but to enter judgment against the plaintiff for costs, as was done.

A large part of the argument has been addressed to what is regarded by the plaintiff in error to be an erroneous conception of the lien law as expressed by the trial court in an opinion filed. We find it unnecessary to discuss the questions presented by the argument, for the reason that in our opinion, as heretofore expressed, the judgment entered was the only one that could properly have been entered in view of the state of the record. The judgment will therefore be affirmed.            *Affirmed.*