250    APPELLATE COURTS OF ILLINOIS.

Calumet Concrete Const. Co. v. Fillipovich, 227 Ill. App. 250.

## Calumet Concrete Construction Company, Appellee, v. Kazimer J. Fillipovich, Appellant.

### Gen. No. 27,740.

1. MECHANICS' LIENS—*extent of right to "blanket" lien.* The provisions of sections 1 and 7 of the Mechanics' Liens Act as amended in 1913, Cahill's Ill. St. ch. 82, ¶¶ 1, 7, authorizing "blanket" liens under certain conditions there specified, do not authorize the transfer of a claim for a lien from one parcel of land, which is barred by law, to another parcel, and a judgment giving a contractor, who made separate contracts for the improvement of two separate parcels of land, a lien on one of such parcels for the value of the improvement on both of such parcels is erroneous where one of the two parcels is not subject by law to a lien.

2. MECHANICS' LIENS—*extent of right to deficiency judgment.* In a mechanic's lien proceeding where a lien has erroneously been allowed as against one parcel of land for the amount of contracts covering improvements on that parcel and another which was free from lien by operation of law, it is error to render a deficiency judgment against the owner as for the amount of the lien on the lot which is free from claim of lien, and the deficiency judgment must be limited to the amount of the lien to which the contractor is legally entitled on the lot which is subject to lien.

Appeal by defendant from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding. Heard in this court at the March term, 1922. Reversed and remanded. Opinion filed December 11, 1922.

WILLIAM SCHWEMM, for appellant.

GEORGE E. Q. JOHNSON, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from a decree awarding complainant a mechanic's lien for $714.50, with interest and costs, for work and material furnished in the construction of a building on a lot belonging to defendant.

The parties made a written contract whereby for a

lump sum complainant agreed to furnish labor and material for the construction of three separate buildings on three separate lots. Subsequently, in consideration of payment of one-third of the contract price, complainant executed a waiver of lien upon one of the lots; no question concerning this lot is involved. This bill was filed to enforce a lien on the remaining two lots, described as lot one and lot four, for the balance due on the contract. Answer was filed, and the cause referred to a master who heard evidence and reported that one contract for $1,100 was made for the three jobs, which were alike; that subsequently defendant sold said lot one and that complainant was not entitled to a lien upon it. The master found that the value of the labor and materials going into the building on lot one was $251.67, which was arrived at by charging against this building $366.67, one-third of the contract price, less cost of the basement floor, which was omitted.

The master further found that there was due complainant for labor and materials furnished on lot four $423.70, which was computed upon the basis of $366.67, one-third of the contract price, and interest thereon at five per cent to the date of the master's report. The master found that complainant was entitled to a lien on lot four for this amount and so recommended.

The decree approved the master's report, except the court found that the total value of labor and materials on lots one and four, aggregating $714.50, was a lien on lot four alone, and so decreed with the usual provision that this lot should be sold at auction to satisfy the decree unless the amount found due should be paid within five days. The decree further provided in case any deficiency was shown after sale that complainant should be entitled to an execution against defendant, whom the decree found personally liable therefor.

Was it proper, after complainant was denied a lien

252 APPELLATE COURTS OF ILLINOIS.

Calumet Concrete Const. Co. v. Fillipovich, 227 Ill. App. 250.

for work and materials furnished for the building on lot one, to add their value to the amount due for labor and materials furnished on lot four and decree a lien for the whole amount on lot four alone? Under prior mechanic's lien statutes it was held that a single blanket lien could not be had for materials furnished for separate houses under one ownership, where the buildings are distinct and separate, although there is a single contract covering all of them. *Culver v. Elwell,* 73 Ill. 536; *Blanchard v. Fried,* 162 Ill. 462. Subsequently, in 1903, the act was amended for the purpose of permitting this. *Schmidt v. Anderson,* 253 Ill. 29.

Complainant contends that the decree was authorized by certain provisions of section 1 of the Mechanics' Lien Act as amended in 1913 [Cahill's Ill. St. ch. 82, ¶ 1], as follows: That any person who by contract with the owner furnishes labor or material, etc., "* * * shall be known under this Act as a contractor and shall have a lien upon the whole of such lot or tract of land, and upon the adjoining or adjacent lots or tracts of land of such owner, constituting the same premises and occupied or used in connection with such lot or tract of land as a place of residence or business; and in case the contract relates to two or more buildings on two or more lots or tracts of land, upon all such lots and tracts of land and improvements thereon, for the amount due to him for such material, fixtures, apparatus, machinery, services or labor, and interest from the date the same is due."

And section 7 [Cahill's Ill. St. ch. 82, ¶ 7]: "* * *, and provided further that in case of the construction of a number of buildings under contract between the same parties, it shall be sufficient, in order to establish such lien for material, if it be shown that such material was in good faith delivered at one of the said buildings, for the purpose of being used in the construction of any one or all of such buildings, or delivered to the owner or his agent for such buildings, to be used therein; and such lien for such mate-

rial shall not attach to all of said buildings, together with the land upon which the same are being constructed, the same as in a single building or improvement, and provided further that in the event the contract relates to two or more buildings on two or more lots or tracts of land, then all of said buildings and lots or tracts of land may be included in one statement of claim for a lien.''

These provisions evidently give a contractor the right to a ''blanket'' lien under certain conditions; but we find nothing therein which authorizes the transfer of a claim for a lien on premises to which material and labor are furnished to other and separate premises to which such material and labor are not furnished. In the present case complainant was not entitled to a lien upon the first lot because of a waiver, and by operation of law it is not entitled to a lien upon the second of the lots; and clearly there could not be a lien against the third lot for the total cost of the improvements on the three lots. Why then, in reason and logic, should the contractor be entitled to a lien on the third lot for work done on the second lot, on which the law denies him a lien?

It is well established that the Mechanic's Lien Statute is in derogation of the common law and must be strictly construed. *Manowsky v. Stephan*, 233 Ill. 409. In the absence of any clear authority in the statute, we cannot conclude that a defeated lien claim as to one piece of property may be placed on another and different property to which the work and labor were not furnished.

It seems to be conceded that the decree would be erroneous in this respect if the rights of third parties had intervened; but a contractor is given a lien only under the express provisions of the statute and cannot have a lien as against the owner which the statute does not authorize.

The findings of the master as to the amount due on

each building and lot were proper. The three buildings were alike. The amount paid by the owner to the contractor in consideration of a waiver of lien on the first lot was one-third of the whole contract price, thus the parties recognized that each lot was improved in this proportion.

We hold that the master's recommendation should have been followed and the decree should allow a lien on lot four only for the amount the master's report found due for work and materials furnished thereon.

The decree improperly provided for a deficiency judgment against defendant for the amount of the lien claim on lot one as well as lot four. As claimant was not entitled to a lien on lot one, no personal decree for this could be entered against him. *Turnes v. Brenckle,* 249 Ill. 394. It would be proper to enter a deficiency decree with respect to the amount of the lien on lot four found by the master, as provided by section 19 of the Lien Statute [Cahill's Ill. St. ch. 82, ¶ 19].

The decree is reversed and the cause is remanded with directions to enter a decree in accordance with the recommendation of the master's report and for further proceedings not inconsistent with this opinion.

*Reversed and remanded with directions.*

DEVER and MATCHETT, JJ., concur.