Lord Lumber and Fuel Company, Appellant, v. R. G. Hancock et al., Appellees.

Gen. No. 8,872.

Opinion filed January 10, 1935.

MILLER, GORHAM, WALES & ADAMS, of Chicago, and BUNGE & BUNGE, of Downers Grove, for appellant.

W. SCOTT HODGES, of Chicago, for appellees.

MR. JUSTICE DOVE delivered the opinion of the court. On May 7, 1927, appellant filed an action at law in the circuit court of DuPage county, making R. G. Hancock, N. F. Grey as trustee, Theo. Whaples, as trustee,

E. M. Pray and unknown owners, defendants. The declaration was in assumpsit and alleged that the plaintiff as subcontractor furnished materials, a list of which was attached to the declaration, of the value of $1,120.22 for the defendant R. G. Hancock, as contractor, to be used and which were used in the construction and improvement of a building located on Lot Thirty-six (36), Block Eighteen (18), Clarendon Hills in the east half of section Ten (10) and the west half of section Eleven (11), Town Thirty-eight (38), North, Range Eleven (11) in DuPage County, Illinois, for N. F. Grey, as trustee, Theo. Whaples, as trustee, E. M. Pray and unknown owners, as owners of said land; that thereafter and within 60 days after the completion of the furnishing of said materials and on March 10, 1927, plaintiff caused a written notice of its claim for a lien and the amount due it to be served on the said owner and owners, a copy of which notice was attached to the declaration; that the amount due plaintiff, as subcontractor, was not paid within 10 days after service of said notice and is now due and unpaid and that this suit was commenced to enforce said lien within four months after the time the final payment was due. A summons was thereupon issued which was returned on June 13, 1927, by the sheriff of DuPage county, showing that none of the defendants was found in that county.

On May 10, 1927, five other suits at law were instituted by appellant against the same defendants, the declarations being substantially the same except as to the amount of the claim and the description of the property and materials furnished. Summonses were issued in each of these cases and likewise returned on June 13, 1927, not found. In each case an alias summons was issued on June 24, 1930, which was served on defendant Grey by the sheriff of Cook county on July 3, 1930, and on defendant, Pray, on July 8, 1930,

by the sheriff of Cook county. Demurrers having been sustained to the several declarations, amended declarations were filed on September 8, 1930. In the case filed May 7, 1927, an order was entered on November 14, 1930, dismissing the suit as to Grey, trustee, Whaples, trustee, and unknown owners and in all the cases a motion was made on November 17, 1930, to transfer the cause to the chancery docket and on December 6, 1930, this was done and leave granted the plaintiff to make G. M. Grounds or any other persons who may have an interest in the subject matter, additional parties defendant. On December 10, 1930, an order was entered consolidating the causes and directing that the issues be tried at the same time. On that day there was also filed in the consolidated cause a petition for mechanic's lien, making Hancock, Pray, trustee, Whaples, trustee, Grey, trustee, "Unknown Owners," G. M. Grounds, W. Scott Hodges, H. M. Bohlander and John S. Phipps, Henry C. Phipps and Howard Phipps, trustees, under a trust agreement dated December 31, 1920, and known as the Phipps Industrial Land Trust, all parties defendant. This petition, after reciting the institution of the several common law actions, represented that Hancock had a contract, with the owner of the premises described in the petition, to build dwellings thereon, that petitioner was a dealer in lumber and building materials and that on or about July 10, 1926, petitioner entered into an oral contract with Hancock to furnish the necessary lumber and materials with which said dwellings were to be constructed, that the premises upon which the dwellings were constructed were owned in fee by John S., Henry C. and Howard Phipps, as trustees, that the materials were furnished in pursuance to the contract between Hancock and petitioner, the last delivery thereof being on or about January 15, 1927, and the amount unpaid and due petitioner being $6,711.97 and that claims for liens were duly filed on

March 9, 1927, in the office of the circuit court of Du-Page county. The allegation with reference to Grounds, Pray, trustee, Whaples, trustee, Grey, trustee, Bohlander, Hodges and unknown owners was that they claimed some interest in the premises, but whatever interests they had accrued since the lien of petitioner and was subject thereto. Hancock, Grounds, Pray and unknown owners defaulted, answers were filed by the other defendants and the cause referred to the master, who found that Hancock was a contractor and had a contract with John S., Henry C. and Howard Phipps as trustees, to erect dwellings upon the premises in question; that appellant furnished Hancock the materials therefor and that the last material was furnished on February 15, 1927, and that appellant became vested with a materialman's lien upon the premises as a subcontractor for the respective amounts found due appellant. The master further found as a proposition of law that a suit at law could only be maintained by a subcontractor against the owner and contractor jointly and that the joinder by appellant of parties other than the contractor and owner was unauthorized; that by sustaining a demurrer to the original declarations the court in effect held that no cause of action was alleged in the original declarations and that the amended declarations were filed more than four months and more than two years after the last delivery of materials by appellant and suit was therefore not brought within the limit of time in which subcontractors may institute suit; that appellant's petition for a lien cannot be sustained because it was filed more than two years after the delivery of the last materials and each of said causes ceased to be *lis pendens* six months after May 7, and May 10, 1927, respectively, because of the failure of appellant to give defendants notice within six months after the several causes were instituted. The master recommended a dismissal of the petition and the chancellor, after overruling excep-

tions to the master's report, rendered a decree dismissing the petition for want of equity and from that decree appellant has prosecuted this appeal.

Appellees' counsel insist that appellant was a contractor and not a subcontractor, and therefore regardless of other questions presented by the record, the decree should be affirmed. The master found that appellant was a subcontractor and the evidence in this record which sustains his finding is that in July, 1926, the premises involved in this proceeding were owned by John S., Henry C. and Howard Phipps, as trustees. On July 26, 1926, the premises were conveyed by a deed of that date recorded August 31, 1926, to George M. Grounds, who by a conveyance dated October 12, 1926, recorded on November 10, 1926, conveyed them to Erwin M. Pray, trustee, who continued to be the owner of record until after the last material was delivered by appellant. While Grounds was the owner thereof, he incumbered them by executing a senior trust deed to Newton F. Grey, trustee, and a junior trust deed to Theodore Whaples, trustee. On April 1, 1926, John S., Henry C. and Howard Phipps, as trustees, the then owners of the record title to these premises, entered into contracts of sale with Raymond G. Hancock for these premises. These contracts were never recorded, but were assigned to Grounds, who in pursuance thereof received a deed to the premises from the Phipps trustees on July 26, 1926. Ralph G. Herring is the president and treasurer of appellant and he testified that between July 10 and 15, 1926, he had a conversation with Hancock in which Hancock told him that he was engaged in the building business and had a contract to erect a great many houses in Clarendon Hills and that he desired to purchase materials therefor from appellant; that Herring then inquired how he was going to take care of his obligations and Hancock replied that the money would be furnished by the Phipps estate. Herring further testified that he knew the

Phippses had owned the property for years. While it does not seem consistent that the Phipps trustees would enter into a contract with Hancock to build houses on these lots which they had previously contracted to sell to Hancock, still these agreements for deeds were not of record and appellant had no knowledge thereof. From this evidence we are unable to say that the conclusion of the master that appellant was a subcontractor was not justified. When Hancock made his contract with appellant, the legal title was in the Phippses as trustees, and appellant was advised by Hancock that he was a building contractor, that the houses were to be erected upon premises which appellant knew belonged to the Phipps trust and appellant was advised that the record owners would furnish the money with which to pay for the materials.

Appellant insists that section 28 of the Liens Act, Cahill's St. ch. 82, ¶ 28, authorized the joining of "Unknown Owners" and other parties interested and that there was no improper joinder of parties in the several actions at law which it instituted on May 7 and 10, 1927, and cites *Graham v. O'Connor*, 350 Ill. 36, as so holding. The *Graham* case was a proceeding to quiet title and there is nothing said in that case which sustains this contention of appellant. On page 344, sec. 139, Love on Mechanics' Liens, it is said: "It is clear from the reading of section 28 that only the owner and original contractor may be made parties defendant in this form of section; thus it is erroneous to join the trustee in bankruptcy of the original contractor or the trustee in a deed of trust in respect to the property." And in *Howell v. Anderson*, 170 Ill. App. 14, in discussing an action at law brought under section 28, the court says: "It seems quite clear to us that the statute contemplates that only owners and principal contractors shall be made defendants in suits at law by subcontractors, under the section of the

statute referred to. . . . The appellee, John Lewis Cochran, was made defendant in his individual capacity and entered his appearance, at the same time filing an affidavit of merits in which it was recited that his only interest in the property was that of trustee under a deed of trust. His contention in that regard was sustained by the stipulation of facts heretofore referred to. It is clear that no judgment could properly have been entered against him in this proceeding. The defendant, Bryan Lathrop, was not served with process, but the suit was not dismissed as to him. Nor was it dismissed as to any other of the defendants. In *Harty Bros. v. Polakow, supra,* it was held, as heretofore stated, that an action such as this could be maintained against the owner, on the ground that there is on the part of an owner an implied promise to pay. It has been many times held that in actions on contract, express or implied, wherein several parties are made defendants, recovery must be against all or none. (Citing cases.) It is also to be noted that section 28 of the lien law above referred to requires that the judgment be a joint one.

''Under any view of the evidence in this case, recovery, if any, could be had only against Anderson as owner and the Biggs Company as principal contractor. Plaintiff did not see fit to dismiss the case as against the other defendants, who, as we believe, were improperly joined. *O'Brien v. Gooding,* 194 Ill. 466, 474. There was therefore, in our opinion, nothing for the court to do at the close of the case but to enter judgment against the plaintiff for costs, as was done.''

Under these authorities Grey, as trustee, under the senior incumbrance, Whaples, as trustee under the junior incumbrance, and unknown owners were not proper parties to the original actions at law. The amended declarations likewise improperly joined Grey and Whaples as defendants, and while no order of dis-

missal as to unknown owners was entered, they were not mentioned in the amended declarations. With the pleadings in this condition, any judgment that would have been entered could not have been sustained, and it was not until the causes were transferred to the chancery docket and the petition filed on December 10, 1930, that Grey, Whaples and the Phippses were properly in the case. In *Hacken v. Isenberg*, 288 Ill. 589, it was held that where a new party is introduced into a suit by amendment, the suit is brought, as to such party, from the date of the amendment.

In our opinion no cause of action was stated in either the original or amended declarations and the running of the period of limitation was not arrested until the filing of appellant's petition after the consolidated cause had been transferred to the chancery docket (*North Side Sash & Door Co. v. Hecht,* 295 Ill. 515), and this was after the expiration of the time provided by the Liens Act, Cahill's St. ch. 82, ¶ 28, and the decree dismissing the bill was therefore properly rendered.

*Decree affirmed.*